## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


Sanjeev Lath

    v.

Oak Brook Condominium Owners'
Association, Cheryl Vallee,
Perry Vallee, William Quinn
Morey, Gerald Dufresne, Christos
Klardie, Vickie Grandmaison,
Patty Taylor, Betty Mullen,
Scott Sample, John Bisson, and
Warren Mills

Civil No. 16-cv-463-LM
Opinion No. 2017 DNH 017


# O R D E R


Sanjeev Lath, purporting to act in both his individual

capacity and derivatively, on behalf of Oak Brook Condominium

Owners' Association ("Oak Brook"), has filed a 16-count amended

complaint that asserts claims against 12 defendants.[1]  Nine of

those defendants (Oak Brook,[2] Cheryl Vallee, Perry Vallee,

William Morey, Christos Klardie, Vickie Grandmaison, Patty

Taylor, Scott Sample, and Warren Mills) are represented by

---

[1] Pending before the court is plaintiff's motion for leave
to file a second amended complaint.  The analysis in this order
applies with equal force regardless of how the court rules on
that motion.

[2] In his individual capacity, plaintiff asserts claims
against Oak Brook, and on the claims he asserts derivatively, he
names Oak Brook as a nominal defendant.

Attorney Gary Burt.  Defendant John Bisson is represented by
Attorneys Daniel Will and Joshua Wyatt.  Before the court are:
(1) plaintiff's motion to disqualify Attorney Burt; (2) a motion
filed (or joined) by all of the defendants represented by
Attorney Burt (hereinafter "defendants"), asking the court to
strike one of the attachments to plaintiff's motion to
disqualify Attorney Burt; and (3) plaintiff's motion to
disqualify Attorneys Will and Wyatt.  The two motions to
disqualify have been opposed; the motion to strike is unopposed.
For the reasons that follow, the two motions to disqualify are
denied, and the motion to strike is granted in part and denied
in part.

    As noted, this order addresses three motions.  Ordinarily,
the court would deal with those motions in chronological order.
But because resolution of defendants' motion to strike will have
an impact upon the evidence the court will consider when ruling
on plaintiff's earlier-filed motion to disqualify Attorney Burt,
the court will begin with the motion to strike.  Moreover,
because the court may strike matter from a pleading either on
motion made by a party or on its own, see Fed. R. Civ. P. 12(f),
the fact that defendants' motion to strike was filed by an
attorney that plaintiff seeks to disqualify would create no
impediment to the court reaching the issues defendants raise in

their motion to strike, even if it were to disqualify the
attorney who filed it.

### I. Motion to Strike

Plaintiff's motion to disqualify Attorney Burt is supported
by, among other things, an attachment captioned "Notice of
Counsel Conduct."  In the introductory section of that notice,
plaintiff states:

> This <u>motion</u> and the annexed memorandum will show cause
> as to why a Court order is necessary for a discovery
> protocol, such that the rights of all parties are
> protected.  This memorandum will evidence how Attorney
> Gary Burt's conduct is that of a "Rambo" litigator.

Doc. no. 20-2 at 3 (emphasis added).  Plaintiff filed his notice
six days after Attorney Burt filed his appearance in this case,
before any discovery had been conducted.  Necessarily, the
notice says nothing about how Attorney Burt has conducted
discovery in this case.  Rather, it consists of a series of
complaints about Attorney Burt's actions as opposing counsel in
one or more of the cases that Lath has brought against Oak Brook
in other fora.[3]  After describing Attorney Burt's conduct in
those cases, plaintiff explains: "The gravamen of Plaintiff's
<u>Motion</u> is to prevent a repeat of what has been an ordeal and a

---

[3] Those cases include, at a minimum, three actions in the
New Hampshire Superior Court, three before the New Hampshire
Commission for Human Rights, and one in the District Division of
the New Hampshire Circuit Court.  <u>See</u> doc. no. 27-1 at 2.

3

mammoth task, to discover facts in the case." <u>Id.</u> at 23
(emphasis added).  Plaintiff concludes his notice with a prayer
for relief: "GRANT Plaintiff's request for an Order on
Deposition Protocol." <u>Id.</u> at 25.

Defendants respond by moving the court to strike
plaintiff's notice or, in the alternative, to deny his request
for a deposition protocol.  Plaintiff has not responded to
defendants' motion to strike.

Plaintiff's notice is unusual, both procedurally and
substantively.  As defendants correctly point out, no such form
of pleading is recognized by the Federal Rules of Civil
Procedure ("Federal Rules").  Perhaps for that reason, the
notice was not filed as a freestanding pleading but, rather, as
an attachment to a conventional motion.  However, the notice
refers to itself as a motion, and concludes with a prayer for
relief, as a motion would.  The court presumes that the hybrid
nature of the notice is what led defendants to move the court,
in the alternative, either to strike the notice or to deny the
relief requested in it.  That said, to the extent that
defendants ask the court to strike the notice in its entirety,
their motion is denied, but to the extent they ask the court to

4

strike the request for relief included in the notice, their motion is granted.

Defendants base their motion to strike on Rule 12(f) of the Federal Rules, which provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'"  "However, Rule 12(f) 'motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." Carney v. Town of Weare, No. 15-cv-291-LM, 2016 WL 320128, at *2 (D.N.H. Jan. 16, 2016) (quoting Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013); citing Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985)).

The court agrees with defendants that the factual content of plaintiff's notice, i.e., his allegations concerning Attorney Burt's conduct in other cases, is immaterial to this case.  "To show that matter is immaterial, defendants must demonstrate that it has 'no essential or important relationship to the claim for relief or the defenses being plead[ed].'" Carney, 2016 WL 320128, at *3 (quoting Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 967 (9th Cir. 2014)).  Nothing that Attorney Burt may have done during the litigation of other cases in other courts has any relationship to whether he should be disqualified from representing one or more of the defendants in this case.  But

5

because striking matter from a pleading is a drastic and disfavored remedy, see id. at *2, and because the objectionable matter in the notice is immaterial but not scandalous, the court will deny defendants' request to strike the notice in its entirety.  That said, the court will disregard all of the immaterial matter in the notice, and will not consider that matter when ruling on plaintiff's motion to disqualify Attorney Burt.

If plaintiff's notice consisted only of his description of Attorney Burt's conduct in other cases, there would be nothing more to say.  But the notice also asks the court for affirmative relief, in the form of a deposition protocol, and defendants object specifically to that aspect of plaintiff's notice.  The court agrees with defendants that plaintiff's request for a deposition protocol must be either stricken or denied.

Because plaintiff placed his request for a deposition protocol in an attachment to a pleading that seeks the disqualification of Attorney Burt, plaintiff appears to have violated LR 7.1(a)(1).  Rule 7.1(a)(1) provides, in pertinent part, that "[f]ilers shall not combine multiple motions seeking separate and distinct relief into a single filing."  It is difficult to see how the disqualification of Attorney Burt and the issuance of a deposition protocol would not qualify as

separate and distinct forms or relief, and indeed, the notice that plaintiff attached to his motion to disqualify actually calls itself a motion.  So, attaching the notice to a motion to disqualify Attorney Burt would certainly appear to violate LR 7.1(a)(1), which would justify striking plaintiff's request for a deposition protocol.

However, plaintiff's request for a discovery protocol could plausibly be construed as a conditional request that comes into play only in the event of an unfavorable decision on his motion to disqualify Attorney Burt.  On that reading, a deposition protocol would not be separate and distinct relief but, rather, would be an alternative form of relief, intended to address the same underlying issue as the relief plaintiff seeks in his motion to disqualify Attorney Burt.  Even under that plaintiff-friendly construction of plaintiff's notice, the court must still deny the request for relief stated therein.

As the court has noted, no discovery has yet taken place in this case, and plaintiff asks this court to order a deposition protocol based upon Attorney Burt's conduct in one or more other cases in the state courts.  Obviously, the state courts were or are the appropriate fora in which to address the conduct described in plaintiff's notice.  Any number of concerns, including comity, compel this court to decline plaintiff's

invitation to put Attorney Burt on trial in this case for his
conduct in other cases.  The court's sole concern in this case
is the conduct of discovery in this case.  Should any problems
arise during the depositions in this case, those problems may be
addressed in the normal course.

In sum, to the extent that defendants move to strike
plaintiff's notice in its entirety, their motion is denied.
But, to the extent that they object to plaintiff's request for a
deposition protocol, their motion to strike is granted.

## II. Motion to Disqualify Attorney Burt

Plaintiff moves to disqualify Attorney Burt on grounds
that: (1) in various state-court actions in which Attorney Burt
was opposing counsel, he took actions with the primary purpose
of embarrassing, delaying, or hindering him, in violation of
Rule 4.4 of the New Hampshire Rules of Professional Conduct ("NH
Conduct Rules"); (2) in those actions, Attorney Burt provided
him with legal advice, in violation of Rule 4.3; and (3) Oak
Brook's status as both a normal defendant on his individual
claims and the nominal defendant on his derivative claims
creates a concurrent conflict of interest, under Rule 1.7, that
must be remedied by Attorney Burt's disqualification.

The court begins with the applicable legal framework and then turns to plaintiff's arguments for disqualifying Attorney Burt.

## A. The Legal Framework

Under the United States Code, "all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business."  28 U.S.C. § 2071(a).  This court has prescribed rules for the conduct of its business that provide, in pertinent part:

> The Standards for Professional Conduct adopted by this court are the Rules of Professional Conduct as adopted by the New Hampshire Supreme Court, as the same may from time to time be amended by that court, and any standards of conduct set forth in these rules.

LR 83.5, DR-1.

The NH Conduct Rules include provisions that, under certain circumstances, might require the disqualification of a party's opposing counsel.  But, as the New Hampshire Supreme Court ("NHSC") has explained, in a case involving Rule 1.9(a) of the NH Conduct Rules:

> Disqualification . . . "conflicts with the general policy favoring a party's right to representation by counsel of choice, and it deprives current clients of an attorney familiar with the particular matter." Id.; see also McElroy v. Gaffney, 129 N.H. 382, 390 (1987).  We must, therefore, seek to ensure that the trust and loyalty owed by lawyers to their clients are not compromised, while preserving the ability of clients to freely engage counsel of their choice.

9

> See, e.g., Ramada Franchise v. Hotel of Gainesville,
> 988 F. Supp. 1460, 1463-64 (N.D. Ga. 1997); Federal
> Deposit Ins. Corp. v. Amundson, 682 F. Supp. 981, 985
> (D. Minn. 1988); In re I Successor Corp., 321 B.R.
> 640, 647 (Bankr. S.D.N.Y. 2005).

Goodrich v. Goodrich, 158 N.H. 130, 136 (2008) (parallel

citations omitted).  Finally, while the NHSC does not appear to

have spoken directly to the question of the burdens and

presumptions that apply to a motion to disqualify, it seems

fairly clear that the burden to demonstrate a conflict of

interest falls to the party seeking to disqualify opposing

counsel.  See Galvin v. Specialized Loan Servicing LLC, No. 15-

cv-386-JL, 2015 WL 10097218, at *2 (D.N.H. Dec. 9, 2015), R & R

adopted by 2016 WL 614406 (Feb. 16, 2016) (citing Sullivan Cty.

Reg'l Refuse Disposal Dist. v. Town of Acworth, 141 N.H. 479,

481 (1996); Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1384 (10th

Cir. 1994); Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo, 144

F.R.D. 235, 238 (D.N.J. 1992); Kevlik v. Goldstein, 724 F.2d

844, 851 (1st Cir. 1984)).

### 1. Rule 4.4(a)

As the court has noted, this case is not the first action

that Lath has brought against Oak Brook.  In reliance upon Rule

4.4(a) and LR 83.5, DR-5(a), plaintiff argues that Attorney Burt

should be disqualified in this case because of his conduct

during a deposition in a previous action.  The court does not
agree.

Rule 4.4(a) provides that "[i]n representing a client, a
lawyer shall not take any action if the lawyer knows or it is
obvious that the action has the primary purpose to embarrass,
delay or burden a third person."  The Local Rules of this court
provide that

> [f]or misconduct defined in these rules, and for good
> cause shown, and after notice and opportunity to be
> heard, any lawyer admitted or permitted to practice
> before this court may be disbarred, suspended from
> practice before this court, or subjected to such other
> public or private disciplinary action as the
> circumstances may warrant.

LR 83.5, DR-5(a).

If Lath had thought that Attorney Burt had violated Rule
4.4(a) in some previous action, a question on which this court
offers no opinion, he was surely free to raise that issue in the
action in which the alleged violation took place.  And if some
other court had disciplined Attorney Burt for his conduct, and
there is no evidence of any such discipline, then this court
would be in a position to impose reciprocal discipline.  See LR
83.5, DR-3.  But plaintiff offers no authority for the
proposition that a violation of Rule 4.4(a) in one case provides
a basis for disqualifying the offending attorney in a separate
action, and LR 83-5, DR-5 does not empower this court to impose

11

discipline upon attorneys appearing before it for misconduct in another forum, absent a disciplinary order from that forum.

### 2. Rule 4.3

Plaintiff next argues that Attorney Burt should be disqualified in this case because, in one or more of his previous cases against Oak Brook, Attorney Burt provided him with erroneous legal advice, in violation of Rule 4.3.  In support of that argument, he cites his Notice of Counsel Conduct.  In that document, he describes various statements that Attorney Burt made to him on legal issues during previous actions that, in plaintiff's view, misstated the law.  Then, based upon a characterization of those statements as legal advice, plaintiff asserts that Attorney Burt violated Rule 4.3.

The rule on which plaintiff bases his second argument for disqualification provides that

> [i]n dealing on behalf of a client with a person who
> is not represented by counsel, . . . [t]he lawyer
> shall not give legal advice to an unrepresented
> person, other than the advice to secure counsel, if
> the lawyer knows or reasonably should know that the
> interests of such a person are or have a reasonable
> possibility of being in conflict with the interests of
> the client.

N.H. R. Prof. Conduct 4.3.  The court's analysis of plaintiff's Rule 4.4(a) argument applies equally to his Rule 4.3 argument. Even if Attorney Burt had violated Rule 4.3 in some previous

12

state-court action, his conduct would provide no basis for
discipline in this court absent a disciplinary order from the
state courts of New Hampshire.

### 3. Rules 1.7 and 1.13

Plaintiff's most promising argument, and the one to which
he devotes the lion's share of his memorandum of law, is his
argument that because he is pursuing a derivative action on
behalf of Oak Brook, Attorney Burt's simultaneous representation
of Oak Brook and its officers and directors creates a
disqualifying conflict of interest.  Defendants disagree,
arguing that: (1) the two claims in plaintiff's amended
complaint that survive their motion to dismiss cannot form the
basis of a derivative action; (2) plaintiff has not filed a
derivative action; (3) plaintiff cannot bring a derivative
action because he is not an Oak Brook shareholder; and (4) even
if plaintiff were an Oak Brook shareholder, his numerous
previous lawsuits against Oak Brook preclude him from bringing a
derivative action on Oak Brook's behalf.  Plaintiff has not
filed a reply to defendants' objection.  In any event, the court
agrees with defendants that plaintiff's motion should be denied
because he is not an Oak Brook shareholder.

In his original complaint in this case, plaintiff sued 11 defendants, including Oak Brook and several of its directors and officers.  The complaint characterized the parties this way:

> Plaintiff Lath is a resident at Oak Brook Condominium ("Oak Brook"), and a member of Oak Brook Condominium Owners' Association, a not for profit corporation organized under the Laws of New Hampshire. The Association which is a Unit Owners' Association, formed under NH RSA 356-B, as amended, is governed by a Board of [D]irectors . . . whose members are elected during an annual meeting, each year, pursuant to [the] New Hampshire Condominium Act, codified in RSA 356-B and [the New Hampshire] Voluntary Corporations and Associations Act codified in Title XXVII, NH RSA 282.

Doc. no. 1 at ¶ 5.

Plaintiff filed his original complaint in his individual capacity.  After eight of the 11 defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, plaintiff filed an amended complaint in which he added a new defendant and, for the first time, purported to assert both individual claims and claims "as a derivative shareholder, on behalf of the nominal defendant, Oak Brook Condominium Owners' Association."  Doc. no. 19 at ¶ 1.  He characterized the parties in the following way:

> At all material times hereto, Plaintiff Lath has been and still is a resident of Oak Brook Condominium ("Oak Brook"), and a member of Oak Brook Condominium Owners' Association, a not for profit corporation, organized under the Laws of New Hampshire and registered with the Secretary of State for the State of New Hampshire as such. . . .

14

The Association, which is a Unit Owners'
Association, formed under NH RSA 292 and NH RSA 356-B,
as amended, and deemed as a "condominium management
association" by the Internal Revenue Service (26
U.S.C. 528).  Oak Brook is governed by a Board of
[D]irectors . . . , whose members are statutorily
required to be elected, during an annual meeting or
otherwise, each year, pursuant to [the] New Hampshire
Condominium Act, codified in RSA 356-B and [the New
Hampshire] Voluntary Corporations and Associations Act
codified in Title XXVII, NH RSA 292.

Id. at ¶¶ 17-18.

In support of his motion to disqualify Attorney Burt,
plaintiff states that "[t]his instant action is a shareholder
derivative action, in part," doc. no. 20-1 at 3, and then he
develops an argument based upon Rule 1.7, which pertains to
concurrent conflicts of interest, and Rule 1.13, which pertains
to a lawyer's representation of an organization.  His basic
premise is that Attorney Burt must be disqualified, or at the
very least, defendants Grandmaison, Sample, Morey, Cheryl
Vallee, Perry Vallee, Klardie, and Taylor[4] should be ordered to
retain separate counsel, because Attorney Burt cannot offer
conflict-free joint representation to both nominal defendant Oak
Brook and the individual defendants who are officers or
directors of Oak Brook.  Plaintiff's argument fails for one

_____

[4] The court presumes that plaintiff's omission of defendant
Mills from this list is a mere oversight.

simple reason: he is not a shareholder in Oak Brook, and as a consequence, he has failed to demonstrate a necessary prerequisite for filing a derivative action.

As the court has noted, plaintiff alleges that Oak Brook was formed pursuant to RSA chapter 292, which governs voluntary corporations and associations.  Under the heading "Capital Structure," chapter 292 provides that a voluntary "corporation may generate funds through . . . [the] [i]ssuance of membership certificates or stock certificates, or both, in the corporation."  RSA 292:8, I.  While a voluntary corporation such as Oak Brook <u>may</u> generate funds through the sale of stock, it is not required to do so and, according to Article V of Oak Brook's Articles of Agreement, "[t]he Association <u>shall have no capital stock</u>."  Doc. no. 37-5 at 2 (emphasis added).  If Oak Brook has no capital stock then, necessarily, plaintiff is not a shareholder.  If plaintiff is not a shareholder in Oak Brook, then he cannot bring a derivative action on its behalf, given that a derivative action is one in which a "<u>shareholder</u> [of a corporation] acts as the nominal plaintiff in a cause of action against persons who have allegedly wronged the corporation." Durham v. Durham, 151 N.H. 757, 760 (2005) (citing Palmer v. U.S. Sav. Bank of Am., 131 N.H. 433, 438 (1989)) (emphasis added).

Moreover, even if Oak Brook were a stock-issuing voluntary corporation, and plaintiff were an Oak Brook shareholder, it is not at all clear that a derivative action would be available. Oak Brook is an RSA chapter 292 voluntary corporation.  The statutory provisions pertaining to derivative actions appear in RSA 293-A, which is New Hampshire's Business Corporation Act. And plaintiff, who carries the burden on the issue of disqualification, has provided no authority for the proposition that a chapter 293-A derivative action is available to a shareholder in a chapter 292 voluntary corporation.  So, the court cannot say with certainty that a chapter 293-A derivative action is available to plaintiff in the first instance, even if he is an Oak Brook shareholder.  But, in any event, before a shareholder may commence a chapter 293-A derivative action, he must make a written demand on the corporation.  See RSA 293-A:7.42(1).  Plaintiff does not allege that he has ever made the required demand on Oak Brook.  So, even if Oak Brook were subject to derivative actions in the first place, plaintiff in this case has failed to satisfy a necessary prerequisite for commencing such an action.

The bottom line is this.  Plaintiff's motion to disqualify Attorney Burt is based on the premise that his, i.e., plaintiff's, ability to prosecute a derivative action on behalf

of nominal defendant Oak Brook is compromised by Attorney Burt's duty of loyalty to the individual defendants who are officers or directors of Oak Brook.  But because plaintiff has failed to carry his burden of showing that he is a shareholder with standing to pursue a derivative action, he cannot establish the premise on which he bases his argument for disqualification. Thus, his argument fails, and his motion to disqualify Attorney Burt is denied.

### III. Motion to Disqualify Attorneys Will and Wyatt

Plaintiff also moves to disqualify defendant John Bisson's attorneys, Daniel Will and Joshua Wyatt, on grounds that: (1) they both have a conflict of interest, because their law firm, Devine Millimet & Branch, P.A. ("Devine"), once represented Oak Brook; and (2) attorneys from Devine may be called on to testify at the trial of this matter.

#### A. Background

In August 1983, the signers of the Oak Bridge Articles of Agreement met in the offices of Devine, Millimet, Stahl & Branch, where they signed the agreement.  Lath purchased a unit in the Oak Brook condominium in August 2013.  He initiated this action in October 2016, and filed his amended complaint in early November.  About two weeks later, Attorneys Will and Wyatt filed appearances in this case as counsel for Bisson.

B. Discussion

In his motion, plaintiff invokes two separate substantive rules, one dealing with a lawyer's duties to former clients (Rule 1.9), the other dealing with the lawyer as a witness (Rule 3.7).  The court considers each ground for disqualification in turn.

1. Rule 1.9

Based upon an assertion that Oak Brook was represented by Devine in 1983, when it was formed, plaintiff claims that Attorneys Will and Wyatt, who are now associated with Devine, must be disqualified because "[t]he information gained by [Devine] during the representation of Oak Brook Condominium Owners' Association may be used against Lath as a member of this Association."  Doc. no. 37-1 at 5-6.  The court does not agree.

Plaintiff bases his request for disqualification on a rule he articulates in the following way:

> Rule 1.8(c) of [the] NH Rules of Professional Conduct further states, "A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules."

Doc. no. 37-1 at 5.  The court begins by noting that Rule 1.8 is composed of specific rules pertaining to conflicts of interest involving current clients, and Rule 1.8(c) pertains to gifts

from clients to lawyers.  The court presumes that plaintiff's

reference to Rule 1.8(c) is a typographical error, and that he

intended to refer to Rule 1.9, which governs a lawyer's duties

to former clients.

If that is indeed the case, there is an additional problem.

The "rule" that plaintiff purports to quote is actually an

amalgam, composed of language drawn and/or paraphrased from Rule

1.9(a) and Rule 1.9(c)(1).  As between those two rules, Rule

1.9(c) appears to be the more applicable, and the court presumes

that plaintiff intended to rest his request for disqualification

on Rule 1.9(c).  According to that rule:

> A lawyer . . . whose present . . . firm has formerly
> represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the
> > representation to the disadvantage of the former
> > client except as these Rules would permit or
> > require with respect to a client, or when the
> > information has become generally known; or
> >
> > (2) reveal information relating to the
> > representation except as these Rules would permit
> > or require with respect to a client.

N.H. R. Prof. Conduct 1.9(c).

Having identified the applicable legal principles, the

court turns to the merits of plaintiff's motion to disqualify

Attorneys Will and Wyatt.  To begin, plaintiff has not

demonstrated that Devine ever represented Oak Brook.  All he has

shown is that the Oak Brook Articles of Agreement were signed in
Devine's office.  But before those Articles were signed, Oak
Brook did not exist and, necessarily, could not have had an
attorney.  The most that may reasonably be inferred from the
location of the meeting where the Articles were signed is that
one of the signatories was a client of a Devine attorney.  That
is not enough to establish an attorney/client relationship
between Oak Brook and any Devine attorney.[5]  That alone is enough
to sink plaintiff's claim that Attorneys Will and Wyatt are
representing Bisson in this case under a disqualifying conflict
of interest.  But there is more.

Even if Devine did once represent Oak Brook, plaintiff has
failed to explain how Devine's representation of Oak Brook could
possibly make him a former client who could be disadvantaged if
Attorneys Will and Wyatt were to use information that Devine
learned from its representation of Oak Brook in 1983.  Rule

---

[5] Moreover, plaintiff appears to conflate representation of
a signatory to the agreement with representation of the
association formed by the agreement:

> Devine Millimet and Branch has represented the
> "signers of the Article of agreement" in 1983.  (See
> Ex-4).  There was an Attorney-Client relationship
> between Devine, Millimet and Branch, P.A. and Oak
> Brook Condominium Owners' Association in 1983.  (See
> Ex-4).

Doc. no. 37-1 at 4.

1.9(c) protects an attorney's former clients from that attorney's use of their confidential information.  Plaintiff does not claim that any Devine attorney ever represented him. He only claims that Devine represented Oak Brook in 1983, approximately 30 years before he purchased his unit.  Thus, even if it could plausibly be argued that Oak Brook's attorney is Lath's attorney, by virtue of Lath's status as an Oak Brook unit owner, Devine's representation of Oak Brook in 1983 could not possibly have placed any of Lath's confidential information in the hands of Devine.  For this additional reason, plaintiff's claim of a disqualifying conflict of interest lacks merit.

        2. Rule 3.7

        Plaintiff also argues that Attorneys Will and Wyatt must be disqualified from defending Bisson for the following reason:

        Attorney Burt for the [Oak Brook] Board members
        has challenged the very fact, that Lath is a
        shareholder.  Devine, Millimet and Branch P.A. may be
        called to testify during the trial, as the
        Professional Association who represented Oak Brook
        Condominium Owners' Association, where this law firm
        was instrumental to bring the Association to its very
        existence.

                . . . .

                . . . Devine, Millimet and Branch P.A. may be
        called to testify on behalf of the Association.

Doc. no. 37-1 at 5, 6.  Again, the court disagrees.

For his second claim, plaintiff relies on the following rule regarding lawyers as witnesses:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work unreasonable hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

N.H. R. Prof. Conduct 3.7.

As noted, plaintiff asserts that Oak Brook may call Devine to testify on its behalf.  Plaintiff does not identify any particular Devine lawyer that Oak Brook "is likely" to call as a "necessary witness."  Nor does plaintiff assert any factual basis to support a belief that either Attorney Will or Wyatt is likely to be a "necessary witness" in the trial.  Thus, Rule 3.7(a) is off the table, and Attorneys Will and Wyatt are subject to disqualification only if Rule 3.7(b) applies.

The American Bar Association Model Code Comments, which are appended to the NH Conduct Rules, describe the operation of Rule 3.7(b) this way:

> Paragraph (b) provides that a lawyer is not disqualified from serving as an advocate because a lawyer with whom the lawyer is associated in a firm is precluded from doing so by paragraph (a).  If, however, the testifying lawyer would also be disqualified by Rule 1.7 or Rule 1.9 from representing the client in the matter, other lawyers in the firm will be precluded from representing the client by Rule 1.10 unless the client gives informed consent under the conditions stated in Rule 1.7.

N.H. R. Prof. Conduct 3.7, 2004 ABA Model Code cmt. [7].

Again, plaintiff does not say that it is likely that Oak Brook will call a Devine lawyer; he says only that Oak Brook may call a Devine lawyer.  In the court's view, the odds are much lower than that.  According to plaintiff, Oak Brook may call a Devine lawyer to give evidence to establish that he is not an Oak Brook shareholder.  However, as the court has noted, Oak Brook's Articles of Agreement specifically provide that Oak Brook has no capital stock.  If Oak Brook has no capital stock, then there are no shares for plaintiff or anyone else to hold.  Thus, it is highly unlikely that Oak Brook would ever call a Devine lawyer to testify that Lath is not an Oak Brook shareholder; that fact is already demonstrated by evidence that plaintiff has produced himself.

To sum up, plaintiff has given the court no reason to disqualify Attorneys Will and Wyatt from representing Bisson in

this action.  Accordingly, plaintiff's motion to disqualify them
is denied.

### IV. Conclusion

For the reasons detailed above, plaintiff's motion to
disqualify Attorney Burt, document no. 20, is denied;
defendants' motion to strike plaintiff's Notice of Counsel
Conduct, document no. 28, is granted in part and denied in part;
and plaintiff's motion to disqualify Attorneys Will and Wyatt,
document no. 37, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 30, 2017

cc:   Gary M. Burt, Esq.
      Gerard Dufresne, pro se
      Sanjeev Lath, pro se
      Sabin R. Maxwell, Esq.
      Daniel E. Will, Esq.
      Joshua M. Wyatt, Esq.