UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sanjeev Lath

    v.                                          Civil No. 16-cv-463-LM
                                                    Opinion No. 2017 DNH 065

Oak Brook Condominium Owners'
Association, Cheryl Vallee,
Perry Vallee, William Quinn
Morey, Gerald Dufresne, Christos
Klardie, Vickie Grandmaison,
Patty Taylor, Betty Mullen,
Scott Sample, John Bisson, and
Warren Mills


**O R D E R**

Plaintiff Sanjeev Lath owns a unit in the Oak Brook Condominium ("Oak Brook"). He has asserted multiple claims against the Oak Brook Condominium Owners' Association ("Association") and eleven individual defendants: six present or former members of the Association's board of directors, two present or former Oak Brook employees, two other unit owners, and the Association's attorney. Before the court is a motion to intervene as a plaintiff, filed by another Oak Brook unit owner, Barbara Belware, who is appearing pro se. An objection to Belware's motion has been filed or joined by eleven of the twelve defendants. The twelfth defendant, unit owner Gerald Dufresne, who is also appearing pro se, has filed a "reply" to Belware's motion. Belware, in turn, has moved to strike

Dufresne's reply. For the reasons that follow, Belware's two motions are both denied.

## I. Motion to Intervene

The Federal Rules of Civil Procedure ("Federal Rules") provide for two types of intervention, intervention as of right and permissive intervention. Belware argues that she is entitled to intervene under both theories. The court does not agree. In this section, the court considers each form of intervention in turn, but begins by describing the claims in this case, as a baseline for evaluating Belware's motion.

### A. Background

In an order dated March 20, 2017, the court dismissed some of the claims that Lath asserted in his second amended complaint ("SAC"), but permitted him to continue pursuing these nine claims:

> Count 1: a claim under the federal Fair Housing Act ("FHA"), against Warren Mills and the Association, for creating a hostile housing environment based upon Lath's sexual orientation, race, and national origin.
>
> Count 2: an FHA claim against the Association, for handicap based housing discrimination resulting from a constructive failure to grant Lath an exception to Oak Brook's "no dogs" policy so that he could have an emotional support dog.
>
> Count 4: an FHA claim against the Association, for publishing a notice indicating a preference for

handicapped people who need true service dogs over those who need emotional support dogs.

Count 9: an eavesdropping claim under N.H. Rev. Stat. Ann. § 570-A:11 against Betty Mullen, for installing cameras in and/or around Lath's residence.

Count 10: a common law invasion of privacy claim against Perry Vallee, for installing a camera in Lath's unit.

Count 11: a common law false light invasion of privacy claim against Dufresne, for making statements about Lath in filings in the Superior Court.

Count 12: a common law defamation claim against Dufresne, for introducing statements about Lath in an action in the Superior Court.

Count 13: a breach of contract claim against the Association, for failing to accept mail addressed to Lath.

Count 14: a common law civil conspiracy claim against Mullen, Cheryl Vallee, Perry Vallee, William Morey, Christos Klardie, Vickie Grandmaison, Patty Taylor, Scott Sample, and John Bisson, for conspiring to violate the FHA by retaliating against Lath.

In addition, the court informed plaintiff that if he were able to show cause why they should not be dismissed, he would be permitted to continue pursuing these additional claims:

Counts 3(a)-(i): claims that various defendants retaliated against him, in violation of the FHA, for filing a discrimination claim against Mills, Grandmaison, and the Association's board of directors with the Equal Employment Opportunity Commission and the New Hampshire Commission for Human Rights.

Count 5: an FHA claim for failure to comply with the American National Standards for buildings and facilities.

>    Count 6: a claim under 42 U.S.C. § 1985(2) for
>    conspiracy to obstruct justice, based upon threats
>    that were made to witness Jason Manugian.
>
>    Count 7: a claim under 42 U.S.C. § 1985(2) for
>    conspiracy to obstruct justice, based upon the
>    destruction or alteration of evidence.
>
>    Count 8: a claim under 42 U.S.C. § 1986 for failure to
>    prevent violations of § 1985(2).

Having described the case in which Belware seeks to intervene, the court turns to the two legal bases for intervention.

### B. Rule 24(a)(2) – Intervention as of Right

With respect to intervention as of right, the Federal Rules provide, in pertinent part:

>    On timely motion, the court must permit anyone to
>    intervene who:
>
>         . . . .
>
>         (2)  claims an interest relating to the property
>              or transaction that is the subject of the
>              action, and is so situated that disposing of
>              the action may as a practical matter impair
>              or impede the movant's ability to protect
>              its interest, unless existing parties
>              adequately represent that interest.

Fed. R. Civ. P. 24(a). As for the specific requirements imposed by Rule 24(a)(2), the court of appeals has recently explained:

>    Successful intervention by right under this rule
>    requires intervenors to demonstrate that (1) their
>    motion is timely; (2) they have an interest related to
>    the property or transaction that forms the foundation
>    of the ongoing action; (3) the disposition of the
>    action threatens to impair or impede their ability to
>    protect their interest; and (4) no existing party

adequately represents their interest.  Ungar v. Arafat, 634 F.3d 46, 50 (1st Cir. 2011).  Failure to satisfy any one of the four requirements defeats intervention by right.  Id. at 51.  Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 807 F.3d 472, 474 (1st Cir. 2015).  Moreover, "[t]he inherent imprecision of Rule 24(a)(2)'s individual elements dictates that they 'be read not discretely, but together,' and always in keeping with a commonsense view of the overall litigation."  Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998) (quoting United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984)); see also Daggett v. Comm'n on Gov't Ethics & Election Practices, 172 F.3d 104, 110 (1st Cir. 1999) (noting connection between second and third requirements).

Belware may not intervene as of right in this action because she has failed to satisfy the second requirement, "an interest related to the property or transaction that forms the foundation of the ongoing action."  Id.  The court of appeals has described the related interest requirement this way:

> It is black-letter law that an aspiring intervenor's claim "must bear a sufficiently close relationship to the dispute between the original litigants."  Travelers Indem. [Co. v. Dingwell], 884 F.2d [629,] 638 [(1st Cir. 1989)] (internal quotation marks omitted).  Although this requirement is not amenable to a surgically precise definition, we know that the interest must be direct and "significantly protectable."  Donaldson v. United States, 400 U.S.

5

> 517, 531 (1971); see Patch, 136 F.3d at 205; 7C
> Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
> Federal Practice & Procedure § 1908.1, at 309 (3d ed.
> 2007).

Ungar, 634 F.3d at 51 (parallel citations omitted).  In other words, "[t]o satisfy the 'interest' requirement [a potential intervenor must] assert, at a minimum, that it has something at stake in the underlying action."  Id. at 52.  For example, in B. Fernández & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 545 (1st Cir. 2006), the court of appeals determined that a potential intervenor had a protectable interest when it had contractual rights that would be affected by the remedy sought by the plaintiff in the underlying action.

In support of her motion, Belware argues that she "has a substantial, legally-protectable interest in the outcome of this litigation," Belware's Mem. of Law (doc. no. 51-2) 12, but she identifies no claim in Lath's original complaint or either of his two amended complaints that involves her legal rights in any way.  Moreover, based upon its review of the nine claims that Lath has been permitted to pursue and the additional claims that he might be permitted pursue, the court can discern no claim asserted by Lath in this action in which Belware has a stake.  That is fatal to her attempt to intervene as of right.

In her reply brief, Belware points out that Lath's "Second Amended Complaint . . ., has Belware's name mentioned forty four

times alleging various unlawful actions perpetrated by the Defendants against her." Belware's Reply (doc. no. 62) 6. She also describes the SAC as "narrat[ing] a timeline of events in paragraphs 157 [through] 178 delineating Defendants' sporadic notices," id. at 7, in response to her request to be notified before Oak Brook's landscapers sprayed chemicals. However, none of Lath's allegations about defendants' treatment of Belware have any bearing on any of Lath's claims, and Lath's inclusion of irrelevant factual allegations concerning Belware in his FAC does not give her any stake in the outcome of his claims. Thus, Belware's attempt to establish a protectable interest in this case by citing the SAC falls short of the mark. In short, Belware has failed to establish the second requirement for intervention as of right under Rule 24(a)(2).

She has also failed to establish the third requirement, i.e., that the disposition of Lath's suit threatens to impair or impede her ability to protect her interest. See Students for Fair Admissions, 807 F.3d at 474. In an attempt to meet the third requirement, Belware argues:

> Disposition of this action may, as a practical matter, impede and impair the interest Movant claims in this action. If Plaintiff Lath is successful, movant, who has suffered direct and palpable injury to herself may lose her right to sue for injury she has sustained for over sixteen years.
>
>    . . . .

> If this case resulted in a judgment that was favorable to the Plaintiff then Belware would be barred by res judicata to pursue her claims before this Court, because a plethora of evidence in this case which is of probative value stems from incidents and injuries that the Movant has experienced and sustained.

Belware's Mem. of Law (doc. no. 51-2) 12-13. That argument is not persuasive.

To begin, the court has already determined that Belware has no legal interest in the subject matter of any of Lath's claims. Thus, it would appear to be self-evident that Lath is not pursuing any claim whose disposition could possibly affect Belware's ability to protect her own interests. See Daggett, 172 F.3d at 110 (noting connection between third and fourth requirements for intervention as of right). Moreover, Belware does not identify any specific claim that she would be unable to pursue if Lath were to prevail on one or more of his claims. There is a good reason for that. There is no such claim.

As best the court can tell, Belware wishes to intervene so that she can assert federal claims under the FHA and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with state law claims for proxy abuse and embezzlement. Those two state law claims have been dismissed from this case, see Order (doc. no. 72) 57-58, 59-60, so there is no chance that Lath will receive a favorable judgment on them, much less a

8

judgment that would put Belware's rights at risk. The same holds true for any RICO claim that Belware might bring, given the court's dismissal of Lath's RICO claims. See id. at 36-40. That leaves Belware's putative FHA claim(s).

Based upon a liberal construction of all the pro se pleadings before it, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), Belware's only colorable FHA claim is that defendants' alleged failure to notify her in advance of chemical spraying by Oak Brook's landscapers denied her a reasonable accommodation for a handicap, i.e. chemical sensitivity.[1] Belware, however, does not explain, and the court cannot see, how a victory for Lath on any of his FHA claims would impair her ability to pursue her FHA claim. The FHA claim that Belware might bring for an alleged failure to provide a reasonable accommodation would be based upon a handicap (chemical sensitivity) and a requested accommodation (prior notification of chemical spraying) that are entirely unrelated to the handicap (mental and emotional impairments) and the accommodation (an emotional support dog) that underlie Lath's FHA accommodation claim. Finally, while

---

[1] Unlike Lath, Belware does not even begin to suggest that she was subjected to discrimination because of her sexual orientation, race, or national origin, or that she was subjected to retaliation for complaining about such discrimination.

9

Belware mentions "a plethora of evidence in this instant case [stemming] from incidents and injuries that [she] has experienced and sustained," Belware's Mem. of Law (doc. no. 51-2) 13, and raises the specter of res judicata, her injuries cannot form the factual basis for any claim by Lath. Thus, Lath's inclusion of several pages of irrelevant allegations concerning Belware in his SAC would not bar her from asserting claims based upon those allegations. In other words, absent privity, Lath did not subject Belware to res judicata by putting irrelevant allegations about her injuries into his complaint.

To sum up, just as she has failed to establish the second requirement for intervention as of right, Belware has also failed to establish the third requirement. Because she must establish all four, see Students for Fair Admission, 807 F.3d at 472, her request for intervention as of right is denied.

### C. Rule 24(b)(1)(B) – Permissive Intervention

With respect to permissive intervention, the Federal Rules provide, in pertinent part:

> On timely motion, the court may permit anyone to intervene who:
>
>     . . . .

>    (B)   has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(2).  However, even when a potential intervenor can establish a sufficient basis for permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Moreover, the court "can consider almost any factor rationally relevant [and] enjoys very broad discretion in granting or denying [a] motion [for permissive intervention]."  Daggett, 172 F.3d at 113 (citing U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978)).  For example, in Daggett, the court of appeals ruled that it was permissible for the district court to deny a motion for permissive intervention on grounds "that it thought that the addition of still more parties would complicate a case that badly needed to be expedited."  172 F.3d at 113.

   Here, Lath has asserted a claim that defendants violated the FHA by failing to provide him with a reasonable accommodation for a handicap.  Belware wants to intervene and assert a claim that defendants violated the FHA by failing to provide her with a different accommodation for a different handicap.  While both claims are based upon the same statute, it

is not so clear that both claims share "a common question of law." Fed. R. Civ. P. 24(b)(2)(B).[2]

However, even if Belware's FHA claim does share a common question of law with Lath's FHA claim, the court declines to grant her motion because prejudice would result from allowing her to intervene. This case already involves one pro se litigant, and he is such a prolific filer that the court has placed restrictions on his ability to file documents in this case. See doc. no. 49. Stylistically and rhetorically, Belware's motion shares many similarities with Lath's numerous and voluminous pleadings. Thus, the court concludes that if Belware were allowed to intervene in this case to pursue claims arising from "the horrific sixteen years that [she] has spent at Oak Brook," id., her intervention would significantly complicate a case that has already proven to be a challenge to manage. Any further complication would necessarily prejudice the adjudication of defendants' rights in this case. Accordingly, the court denies Belware's request for permissive intervention.

---

[2] With regard to common questions of fact, Belware argues that "Lath's second amended complaint . . . cite[s] several incidents and facts relating to Belware and these are common with the main action." Belware's Mem. of Law (doc. no. 51-2) 14. To be sure, Lath's SAC includes numerous factual allegations about Belware, but those facts are irrelevant to any of Lath's legal claims, and Belware does not explain how the inclusion of those facts in Lath's SAC gives her a basis for intervention.

## II. Motion to Strike

Dufresne has filed a pleading captioned "Amalgamated Replies of Defendant Gerald Dufresne Filed in Response to Barbara Belware's Motion to Intervene." Doc. no. 68. Belware has moved to strike that pleading in its entirety, pursuant to Rule 12(f). In a previous order in this case, the court noted that "Rule 12(f) motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." Lath v. Oak Brook Condo. Owners' Ass'n, No. 16-cv-463-LM, 2017 WL 401198, at *2 (D.N.H. Jan. 30, 2017) (quoting Carney v. Town of Weare, No. 15-cv-291-LM, 2016 WL 320198, at *2 (D.N.H. Jan. 16, 2016)) (internal quotation marks and other citations omitted). Leaving aside the question of whether Belware, who is not a party to this case, even has standing to move to strike Dufresne's pleading, she has not established her entitlement to the relief she seeks. While Dufresne's reply is difficult to decipher, it contains nothing that appears to be scandalous, and the court is not inclined to comb through it to identify content that is redundant or immaterial. Given the circumstances of this case, the court can see no reason to look with favor upon the generally disfavored remedy provided by Rule 12(f). Accordingly, Belware's motion to strike is denied.

### III. Conclusion

For the reasons detailed above, Belware's motion to intervene, document no. 51, and her motion to strike Dufresne's reply, document no. 76, are both denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 30, 2017

cc:   Gary M. Burt, Esq.
      Sanjeev Lath, Esq.
      Sabin R. Maxwell, Esq.
      Daniel E. Will, Esq.
      Joshua M. Wyatt, Esq.
      Gerard Dufresne, pro se
      Barbara Belware, pro se