UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

   v.                                         Civil No. 16-cv-463-LM
                                              Opinion No. 2017 DNH 066
Oak Brook Condominium Owners'
Association, Cheryl Vallee,
Perry Vallee, William Quinn
Morey, Gerald Dufresne, Christos
Klardie, Vickie Grandmaison,
Patty Taylor, Betty Mullen,
Scott Sample, John Bisson, and
Warren Mills

**O R D E R**

In an order dated March 20, 2017, pro se plaintiff Sanjeev Lath was given the opportunity to show cause why Counts 3(a)-(i) and Counts 5-8 of his second amended complaint ("SAC") should not be dismissed for failing to state a claim upon which relief can be granted.  Lath has responded to that order.  For the reasons that follow, Counts 3(a)-(i), Counts 5-8, and Count 14 of the SAC are all dismissed.

**I. Discussion**

In the show cause order, the court gave Lath the option of voluntarily dismissing any claims he no longer wished to pursue, but also stated that to continue pursuing any claim he did not give up, he would have to "(1) identify the specific defendant

or defendants; (2) specify the cause of action . . .; (3) state the elements of that cause of action . . .; and (4) allege facts that satisfy each element of the cause of action." Doc. no. 72, at 65. Lath has declined to dismiss any of the claims that are covered by the show cause order. In the balance of this order, the court considers each of the claims that are subject to the show cause order, and also considers the claim for civil conspiracy asserted in Count 14 of the SAC.

A. Counts 3(a)-(i)

Counts 3(a)-(i) assert claims for retaliation, in violation of 42 U.S.C. § 3617. In the show cause order, the court noted "that 'in connection with a . . . claim . . . under Section 3617, there must be sufficient evidence for a reasonable jury to conclude that the Defendants were motivated by a protected characteristic in performing the challenged conduct.'" Doc. no. 72, at 18 (quoting S. Middlesex Opp. Council, Inc. v. Town of Framingham, 752 F. Supp. 2d 85, 95-96 (D. Mass. 2010)). The court continued:

> [P]laintiff alleges that [Warren] Mills once called
> him a "sand nigger." But Plaintiff does not allege
> that Mills engaged in any of the conduct underlying
> his retaliation claim[s], and makes no allegations of
> animus on the part of any of the defendants who did
> engage in the conduct he calls retaliatory.
> Plaintiff's inadequate allegations of animus would
> appear to be fatal to his retaliation claims. . . .
> While the court harbors concerns over the allegations
> of animus in the SAC, the better course of action with

> respect to plaintiff's retaliation claims under § 3617
> . . . is to give him an opportunity to show cause why
> those claims should not be dismissed for failing to
> allege that "defendants' conduct was at least
> partially motivated by intentional discrimination."
> S. Middlesex, 752 F. Supp. 2d at 95.

Doc. no. 72, at 18-19 (emphasis in the original).

In his response, Lath says absolutely nothing about animus toward a protected characteristic on the part of any of the defendants who engaged in allegedly retaliatory conduct. Thus, he has failed to show cause why Counts 3(a)-(i) should not be dismissed.

### B. Count 5

Count 5 arises from an alleged failure to comply with the American National Standards for buildings and facilities ("ANSI"), in violation of 42 U.S.C. § 3604(f)(2). In its show cause order, the court pointed out that apart from mentioning ANSI in the heading of a claim, the SAC said nothing about ANSI compliance. The court also said this:

> [P]laintiff does not allege that he has any physical
> handicap, so it is difficult to see how, with respect
> to ANSI compliance, he is "[a]n aggrieved person," 42
> U.S.C. § 3613(a)(1)(A), entitled to bring a claim for
> an alleged failure to comply with ANSI.

Doc. no. 72, at 23 n.10. In other words, the court raised the issue of standing.

In his response to the show cause order, Lath fleshes out the claim he asserts in Count 5 this way:

3

> By charging a fee for additional parking spaces and a $500 [fee] for transfer of [a] carport deed, Oak Brook condominium association, had a statutory duty under RSA 261:88, to provide free parking to any motor vehicle carrying special handicap plates or [a] hanging windshield placard issued to a person with a walking disability.
>
> Because of the fees charged for carport deed transfer, and by not providing handicap accessible parking spaces, compliant to ANSI 117.1, Oak Brook Condominium Association, violated the Fair Housing Act.  Such is also a violation of RSA 265:74, whose provisions require these marked spots to be assigned for vehicles "with hanging windshield placard[s] issued to a person with a walking disability under RSA 261:88."
>
> Additionally, residents with walking disabilities, such [as] intervenor-plaintiff, Barbara Belware, who made several requests to the [Oak Brook] Board [of Directors] for a designated parking space, while in . . . possession of a lawfully issued walking disability placard, has been constructively denied, by management and the board, which was in the furtherance [of] their retaliation [through] coercion or intimidation.

Doc. no. 79 ¶¶ 11-13.  Because he has said nothing to address the issue of standing, Lath has failed to show cause why Count 5 should not be dismissed.

The court begins by describing the law of standing. According to the court of appeals,

> [t]he "[f]irst and foremost" concern in standing analysis is the requirement that the plaintiff establish an injury in fact, Spokeo [v. Robins], 136 S. Ct. [1540,] 1547 [(2016)] (alteration in original) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)), which "helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy,'" SBA List [v. Driehaus], 134 S. Ct.

4

>   [2334,] 2341 [(2014)] (quoting Warth [v. Seldin], 422
>   U.S. [490,] 498 [(1975)].

Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017) (emphasis added, parallel citations omitted).  Judge Feinerman's order in Jafri provides a good example of a plaintiff who has sustained an injury in fact that is sufficient to confer standing to bring a claim such as the one Lath asserts in Count 5.  In that case, Fahad Jafri alleged that he had "multiple sclerosis and chemotherapy-induced peripheral neuropathy," 970 F. Supp. 2d at 856, and that he had suffered "a series of medical setbacks [that] severely limited his mobility," id.  Even so, he was denied handicap accessible parking by his condominium.  See id. at 862.  On those allegations, Judge Feinerman ruled that Jafri had standing to bring a claim under the FHA for failure to accommodate his handicap.  See id. at 862.

Here, by contrast, Lath does not allege that he has any sort of physical handicap.  Nor does he allege that he has ever requested, or been denied, an ANSI-compliant parking space.  Thus, the allegations in the SAC do not establish Lath's standing to bring the claim he asserts in Count 5.  To be sure, he suggests that Barbara Belware has a walking disability and was denied accessible parking.  But she is not a party to this case, see Order (doc. no. 87) 2-12, and nothing that happened to Belware could have resulted in an injury to Lath.  Because Lath

5

has failed to allege any injury resulting from defendants' alleged failure to comply with the ANSI standards, he lacks standing to assert an FHA claim based upon a failure to accommodate a physical handicap. That, in turn, entitles defendants to dismissal of Count 5.

C. Counts 6 & 7

Count 6 asserts a claim, under 42 U.S.C. § 1985(2), that defendants conspired to obstruct justice by threatening Jason Manugian, who was a potential witness in various court cases and a proceeding before the New Hampshire Commission for Human Rights. Count 7 asserts a claim, also under § 1985(2), that various defendants conspired to obstruct justice by destroying or altering evidence that was relevant to a pending case in the New Hampshire Superior Court.

In its show cause order, the court explained that "a § 1985(2) 'plaintiff may recover only when the conspiratorial conduct of which he complains is propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" Doc. no. 72, at 33 (quoting Powell v. Massachusetts, No. 16-cv-30004-MGM, 2016 WL 7115887, at *11 (D. Mass. Sept. 20, 2016)). On that basis, the court stated that before plaintiff may proceed on the § 1985(2) claims he asserts in Counts 6 and 7, he must "show cause why those claims should not be dismissed

for failure to allege that the alleged acts of conspiracy were caused by invidiously discriminatory animus." Id.  Lath's response to the show cause order says nothing at all about class-based discriminatory animus.  Thus, Counts 6 and 7 are both dismissed for failing to state a claim upon which relief can be granted.

Moreover, even if Counts 6 and 7 were not subject to dismissal for failure to allege class-based invidiously discriminatory animus, they would be subject to dismissal for failure to include "plausible allegations of an agreement among the conspirators to violate [Lath's] rights," Olmo v. Narker, No. CV 14-13434-WGY, 2015 WL 4535669, at *3 (D. Mass. July 27, 2015), a requirement the court identified in the show cause order, see doc. no. 72, at 31-32.  Finally, notwithstanding the court's directive to identify the defendants for each claim, the portion of Lath's response dedicated to Count 6 mentions only a single defendant, Betty Mullen.  That is a problem because, as the court explained in the show cause order, the first element of a § 1985(2) claim is "a conspiracy between two or more persons."  Doc. no. 72, at 31 (quoting Powell, 2016 WL 7115887, at *11).  In sum, there are multiple grounds for the dismissal of Counts 6 and 7.

7

### E. Count 8

Count 8 asserts a claim that defendants violated 42 U.S.C. § 1986 by failing to prevent the violations of § 1985(2) that underlie Counts 6 and 7. Given that Counts 6 and 7 have been dismissed, Count 8 necessarily fails as well.

### F. Count 14

Count 14 is a common law claim for civil conspiracy in which plaintiff asserts that various defendants conspired to violate the FHA by retaliating against him. However, because plaintiff has failed to show cause why his FHA retaliation claims should not be dismissed for failing to adequately allege animus toward a protected characteristic, the conspiracy claim asserted in Count 14 must necessarily fail.

In its order of March 20, the court laid out the elements of civil conspiracy under the common law of New Hampshire, which include these: "(2) an object to be accomplished (i.e., an unlawful object to be achieved buy lawful or unlawful means . . .); . . . (4) one or more unlawful overt acts." Doc. no. 72 (quoting In re Armagania, 147 N.H. 158, 163 (2001)). Because plaintiff has failed to allege the animus necessary to establish an FHA retaliation claim, any retaliation that defendants may have agreed to accomplish, or may have actually accomplished, was not an unlawful act for the purposes of satisfying the

second and fourth elements of a claim for civil conspiracy.  For that reason, Count 14 is dismissed.

## II. Conclusion

For the reasons detailed above, Counts 3(a)-(i), Counts 5-8, and Count 14 of the SAC are all dismissed, and this case is now limited to Counts 1, 2, 4, and 9-13.  Moreover, in light of the court's dismissal of Count 14, John Bisson's motion for reconsideration, document no. 80, is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 3, 2017

cc:   Gary M. Burt, Esq.
      Sanjeev Lath, pro se
      Sabin R. Maxwell, Esq.
      Daniel E. Will, Esq.
      Joshua M. Wyatt, Esq.
      Gerard Dufresne, pro se