UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

   v.                                    Civil No. 16-cv-463-LM
                                         Opinion No. 2017 DNH 137
Oak Brook Condominium Owners'
Association, Perry Vallee,
Gerard Dufresne, Betty Mullen,
and Warren Mills

**O R D E R**

Before the court is plaintiff's motion for leave to file a first supplement to his second amended complaint ("SAC"). Four of the five defendants have objected; Gerard Dufresne has not. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

**I. Background**

As outlined in document no. 72, this case now consists of eight claims: (1) a hostile housing environment claim under the federal Fair Housing Act ("FHA"), against Warren Mills and the Oak Brook Condominium Owners' Association ("Association") (Count 1); (2) two FHA claims arising from alleged handicap based housing discrimination, against the Association (Counts 2 and 4); (3) an eavesdropping claim against Betty Mullen (Count 9); (4) an invasion of privacy claim against Perry Vallee (Count 10); (5) claims for false light invasion of privacy and

defamation, against Gerard Dufresne (Counts 11(a) and 12(a)); and (6) a breach of contract claim against the Association (Count 13).[1]

Plaintiff has also asserted claims arising out of his tenure as an Oak Brook unit owner in a second action, 16-cv-534-LM. On the day Lath filed that action, there was a fire in his unit, and he amended his complaint in 16-cv-534-LM to assert claims arising from the aftermath of the fire. Then, based upon rulings on several motions to dismiss, 16-cv-534-LM was reduced to:

> (1) a claim, brought through the vehicle of 42 U.S.C. § 1983, asserting that the Manchester Police Department ("MPD") violated Lath's federal constitutional right to equal protection; and (2) state law claims against the MPD, Dorothy Vachon, Gerald Dufresne, Justin Boufford, Amica [Mutual Insurance Co.], and BMS Catastrophe, Inc. ("BMS CAT").

Lath v. Manchester Police Dep't, No. 16-cv-534-LM, 2017 WL 1740197, at *1 (D.N.H. May 4, 2017). While 16-cv-534-LM was in the state described above, and in reliance upon Rule 15(d) of the Federal Rules of Civil Procedure, Lath moved to supplement his complaint in that case to add discrimination and retaliation claims under the FHA. The court denied Lath's motion, "but

---

[1] Plaintiff has been given leave to file a motion for leave to amend his complaint to add five additional claims, but he has not yet filed that motion.

without prejudice to Lath's filing a Rule 15(d) motion in 16-cv-463-LM." Id. at *4.

The motion currently before the court is the one that Lath was granted leave to file by the above quoted order in 16-cv-534-LM. In it, Lath seeks to supplement his SAC in this case with causes of action captioned: (1) "Claim 14 (Continued): Conspiracy by defendants, City of Manchester, Police and Fire Departments, Amica, Cheryl Vallee, Perry Vallee, Morey, Klardie, Grandmaison, Taylor, Mullen, Sample, and Bisson, whether or not acting under the color of law, to violate FHA by retaliating against Lath," doc. no. 118, at 2; and (2) "Claim 15: Invasion of Privacy by disclosure of Private Facts by Defendant Gerard Dufresne," id. at 18.

## II. The Legal Standard

"Rule 15(d) affords litigants a pathway for pleading 'any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (quoting Fed. R. Civ. P. 15(d)), cert. denied, 136 S. Ct. 2517 (2016). Regarding the application of that rule, the court of appeals has explained:

> Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental

3

pleading "on just terms." In an effort to fill this
vacuum and in keeping with the overarching flexibility
of Rule 15, courts customarily have treated requests
to supplement under Rule 15(d) liberally. See, e.g.,
Walker v. United Parcel Serv., Inc., 240 F.3d 1268,
1278 (10th Cir. 2001). This liberality is reminiscent
of the way in which courts have treated requests to
amend under Rule 15(a)'s leave "freely give[n]"
standard. See, e.g., Glatt v. Chi. Park Dist., 87
F.3d 190, 194 (7th Cir. 1996); Quaratino v. Tiffany &
Co., 71 F.3d 58, 66 (2d Cir. 1995); Mueller Co. v.
U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H.
2005).

Gadbois, 809 F.3d at 7. Moreover:

In the last analysis, a district court faced with a
Rule 15(d) motion must weigh the totality of the
circumstances, just as it would under Rule 15(a). See
Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st
Cir. 2006). Idiosyncratic factors — say, the futility
of supplementation, see Haggard v. Bank of the Ozarks,
Inc., 668 F.3d 196, 202 (5th Cir. 2012) (per curiam);
Motorola Credit Corp. v. Uzan, 388 F.3d 39, 65 (2d
Cir. 2004), prejudice to the opposing party, see
Walker, 240 F.3d at 1278-79, and unreasonable delay in
attempting to supplement, see Glatt, 87 F.3d at 194 —
may suffice to ground a denial of a Rule 15(d) motion.
Everything depends on context.

Id. (footnote omitted).

However, "while leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Polansky v. Wrenn, No. 12-cv-105-PB, 2013 WL 1165158, at *2 (D.N.H. Feb. 22, 2013) (quoting Polar Equip., Inc. v. Exxon Mobil Corp. (In re Exxon Valdez), 318 F. App'x 545, 547 (9th Cir. 2009); citing Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997)), R. & R. adopted by

4

2013 WL 1155429 (D.N.H. Mar. 19, 2013); see also Williams v. Lackawanna Cty. Prison, No. 1:12-CV-02274, 2016 WL 1393383, at *2 (M.D. Pa. Apr. 8, 2016) ("A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action."). But, "[a] supplemental pleading may include a new cause of action . . . if a relationship exists between the original complaint and the later accruing material." Polansky, 2013 WL 1165158, at *2 (quoting Petro-Hunt, L.L.C. v. United States, 105 Fed. Cl. 37, 44 (Fed. Cl. 2012); citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504, at 253 (3d ed. 2010)) (internal quotation marks omitted).

### III. Discussion

With the foregoing legal principles in mind, the court turns to each of the two claims that Lath seeks to add by means of Rule 15(d).

#### A. Conspiracy to Violate 42 U.S.C. § 3617

Lath proposes to add a claim against approximately a dozen entities for conspiring to violate 42 U.S.C. § 3617, the FHA anti-retaliation provision. Some of those entities have been dismissed from this case, and others have never been defendants. However, three of those entities, Mullen, Perry Vallee, and the

Association, are still defendants in this case.  Mullen objects to Lath's motion on grounds of futility.  The Association and Perry Vallee argue that Lath's motion should be denied because granting it would result in undue prejudice to them and because the proposed amendment would be futile.  Bisson, who has been dismissed from this case but who is named as a defendant in Lath's proposed conspiracy claim, objects on several grounds.  Assuming without deciding that Lath's proposed conspiracy claim does not run afoul of the principle that Rule 15(d) "cannot be used to introduce a separate, distinct and new cause of action," Polansky, 2013 WL 1165158, at *2, the court agrees with the futility argument advanced by Mullen, Perry Vallee, and the Association.

Futility is assessed "with reference to the Rule 12(b)(6) pleading criteria."  Privitera v. Curran (In re Curran), 855 F.3d 19, 28 (1st Cir. 2017)).  Thus, an attempt to add a cause of action to a case "is regarded as futile if the proposed [cause of action] fails to state a plausible claim for relief." Id. (citing SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

Lath's proposed conspiracy claim does not pass muster under Rule 12(b)(6) due to Lath's failure to adequately allege animus toward a protected characteristic.  Earlier in this case, the court pointed out that to prove an FHA retaliation claim, "there

must be sufficient evidence for a reasonable jury to conclude that the Defendants were motivated by a protected characteristic in performing the challenged conduct." S. Middlesex Opp. Council, Inc. v. Town of Framingham, 752 F. Supp. 2d 85, 96 (D. Mass. 2010) (internal quotation marks omitted). Then, when Lath attempted to show cause why the § 3617 claims he asserted in Counts 3(a)-(i) should not be dismissed, the court rejected his attempt and dismissed those claims. It did so because Lath failed to say anything about, much less adequately allege, "animus toward a protected characteristic on the part of any of the defendants who engaged in allegedly retaliatory conduct." Order (doc. no. 91) 3. The court went on to dismiss Count 14, which asserted Lath's claim that defendants had engaged in a conspiracy to violate § 3617, explaining that

> [b]ecause plaintiff has failed to allege the animus necessary to establish an FHA retaliation claim, any retaliation that defendants may have agreed to accomplish, or may have actually accomplished, was not an unlawful act for the purpose of satisfying the second and fourth elements of a claim for civil conspiracy.

Id. at 8-9.[2]

---

[2] The elements of a civil conspiracy, under New Hampshire law, are:

> (1) two or more persons . . .; (2) an object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the

7

Here, while Lath's proposed conspiracy claim alleges a plethora of new retaliatory acts, it fails completely to allege animus toward a protected characteristic on the part of any of the alleged conspirators.  Consequently, Lath has failed to state a claim for conspiracy, which means that his attempt to add such a claim would be futile.  Accordingly, as to Lath's proposed conspiracy claim, his motion for leave to supplement his SAC is denied.

B. Invasion of Privacy

The second cause of action that Lath seeks to add by means of Rule 15(d) is a claim against Dufresne for invasion of privacy through the disclosure of private facts, specifically, a confidential settlement agreement between Lath and his former employer that Dufresne attached to a pleading in this case. Dufresne has not objected to Lath's motion.

At first glance, Lath's invasion of privacy claim might appear to be "a separate, distinct and new cause of action," Polansky, 2013 WL 1165158, at *2, and on that basis, not

---

      object or course of action; (4) one or more unlawful
      overt acts; and (5) damages as the proximate result
      thereof.

In re Armaganian, 147 N.H. 158, 163 (2001) (emphasis in the original) (quoting Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987)).

8

amenable to inclusion in this case.  But, on the other hand, there is certainly "a relationship . . . between the original complaint and the later accruing material," id., given Lath's allegation that the conduct underlying his proposed invasion of privacy claim took place during the litigation of this case.  To be sure,

> when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified.

Williams, 2016 WL 1393383, at *2 (quoting Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971)).  But here, Lath's proposed invasion of privacy claim is directly related to the litigation of this case, and adjudicating that claim in this case will promote judicial economy.  Moreover, resolving that claim here would, if anything, benefit Dufresne rather than prejudice him, by sparing him the trouble of defending against that claim in yet another lawsuit.  Accordingly, as to Lath's proposed invasion of privacy claim, his Rule 15(d) motion is granted, and from this point forward, his new claim shall be referred to as Count 15.

## IV. Conclusion

For the reasons detailed above, plaintiff's Rule 15(d) motion, document no. 116, is granted as to his invasion of privacy claim, but denied as to his proposed conspiracy claim.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 13, 2017

cc: Gary M. Burt, Esq.
   Gerard Dufresne, pro se
   Sanjeev Lath, pro se
   Sabin R. Maxwell, Esq.
   Brendan D. O'Brien, Esq.
   Daniel E. Will, Esq.
   Joshua M. Wyatt, Esq.