UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.

Oak Brook Condominium Owners'
Association, Perry Vallee,
Gerard Dufresne, Betty Mullen,
and Warren Mills

Civil No. 16-cv-463-LM
Opinion No. 2017 DNH 148

**O R D E R**

This case now consists of nine claims against five defendants,[1] including a common law invasion of privacy claim against Perry Vallee, based upon allegations that Vallee installed a camera in Sanjeev Lath's unit in the Oak Brook Condominium ("Oak Brook"). Before the court is Vallee's motion for summary judgment. Lath objects. For the reasons that follow, Vallee's motion for summary judgment is granted.

**I. Summary Judgment Standard**

"Summary judgment is appropriate when the record shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Walker v.

---

[1] Lath has been granted leave to file a motion to amend the operative complaint in this case to add five additional claims. Currently pending before the court is a motion to amend that addresses two of those five potential claims. See doc. no. 198.

President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (quoting Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011); citing Fed. R. Civ. P. 56(a)).  "A genuine issue is one that can 'be resolved in favor of either party' and a material fact is one which 'has the potential of affecting the outcome of the case.'"  Walker, 840 F.3d at 61 (quoting Gerald v. Univ. of P.R., 707 F.3d 7, 16 (1st Cir. 2013); citing Pérez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 25 (1st Cir. 2011)).

When a court considers a motion for summary judgment, "[t]he evidence . . . must be viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor."  Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016) (citing Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994)).  "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists."  Cruz v. Mattis, 861 F.3d 22, 25 (1st Cir. 2017) (quoting Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir. 2006)).

## II. Background

Both Lath and Vallee own units at Oak Brook.  In his Second Amended Complaint, Lath makes the following allegation:

> On or around October 4, 2016, Defendant Perry Vallee and Ruben Clavijo came to Lath's unit to service the plumbing. While Lath was helping Ruben, Perry Vallee installed a camera in Lath's bathroom, which Lath later retrieved.

Second Am. Compl. ¶ 232. Based upon that allegation, Lath asserted a claim for invasion of privacy against Vallee, which has been designated as Count 10.

### III. Discussion

Vallee moves for summary judgment, arguing that he has produced undisputed evidence that he never installed a camera in Lath's unit. The court agrees.

In support of his motion for summary judgment, Vallee has produced an affidavit in which he testified that he "never installed any camera or video recording device in or looking into Sanjeev Lath's . . . unit at Oak Brook," Def.'s Mem. of Law, Ex. A (doc. no. 154-1) ¶ 2, and that he "never installed any camera or video recording device in or looking into the bathroom of Mr. Lath's condominium Unit at Oak Brook," id. ¶ 3. At that point, it became Lath's burden to "demonstrate[e], through submissions of evidentiary quality, that a trialworthy issue persists," Cruz, 861 F.3d at 25. Rather than doing that, he makes a host of immaterial allegations about Vallee and several other defendants who have already been dismissed from this case, and contends that "Defendants' Motion for Summary

3

Judgment is untimely as there are several facts in dispute and discovery has but just begun in the matter." Pl.'s Obj. (doc. no. 163) 5.

While Lath speaks of "facts in dispute," and has attached 75 exhibits to his objection and surreply, only one of them, a collection of approximately 400 pages of deposition transcripts, appears to be of evidentiary quality, and Lath points to nothing in those transcripts that contradicts Vallee's affidavit. In other words, he has not produced material of evidentiary quality demonstrating the existence of a trialworthy issue, see Cruz, 861 F.3d at 25. Lath's failure to produce admissible evidence that Vallee installed a camera in his unit entitles Vallee to judgment as a matter of law on Lath's claim for invasion of privacy.

To be sure, Lath also characterizes Vallee's summary judgment motion "as untimely and premature [and] not ripe for this Honorable Court's review," Pl.'s Obj. (doc. no. 163) 9. But he does not do so in a way that entitles him to any relief.

The Federal Rules of Civil Procedure provide the following mechanism for protecting parties from premature motions for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

>    (1) defer considering the motion or deny it;
>
>    (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Moreover:

> "Rule 56(d) relief is not to be granted as a matter of course . . . . [T]he district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014).

Troiano v. Aetna Life Ins. Co., 844 F.3d 35, 45 (1st Cir. 2016).

The problem here is that Lath's mere use of the words "untimely" and "premature" in his objection to summary judgment is a far cry from filing an actual Rule 56(d) motion. Beyond that, Lath has provided neither an affidavit nor a declaration in support of his argument that Vallee's summary judgment motion is premature. Finally, nowhere in either his objection or his surreply does he specify a reason why he "cannot present facts essential to justify [his] opposition," Fed. R. Civ. P. 56(d). Thus, he falls far short of showing that he is likely "to garner useful evidence from supplemental discovery." Troiano, 844 F.3d at 45. So, leaving aside the procedural deficiency in what may or may not be an attempt to invoke Rule 56(d), Lath has provided no substantive grounds for Rule 56(d) relief. Accordingly, to the extent that Lath is attempting to invoke

5

Rule 56(d) in the first instance, his argument (i.e., Vallee's summary judgment motion is premature) is unavailing.

## IV. Conclusion

For the reasons detailed above, Vallee is entitled to judgment as a matter of law on Count 10, i.e., Lath's common law claim for invasion of privacy. Accordingly, Vallee's motion for summary judgment, document no. 155, is granted, and both Count 10 and Perry Vallee are dismissed from this case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 7, 2017

cc: Gary M. Burt, Esq.
 Sanjeev Lath, pro se
 Walter L. Maroney, Esq.
 Sabin R. Maxwell, Esq.
 Brendan D. O'Brien, Esq.
 Gregory V. Sullivan, Esq.
 Daniel E. Will, Esq.
 Joshua M. Wyatt, Esq.
 Gerard Dufresne, pro se

6