UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                     Civil No. 16-cv-463-LM
                                              Opinion No. 2018 DNH 012
Oak Brook Condominium Owners'
Association, Gerard Dufresne,
and Betty Mullen

## **O R D E R**

This case now consists of seven claims against three defendants.[1]  Before the court is a motion for summary judgment on Counts 1, 2, and 13.  Oak Brook Condominium Owners' Association ("the Association") objects.  For the reasons that follow, Lath's motion for summary judgment is denied.

### **I. Summary Judgment Standard**

"Summary judgment is appropriate when the record shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Walker v. President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (quoting Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011); citing Fed. R. Civ. P. 56(a)).  When a court considers a motion for summary judgment, "[t]he evidence

---

[1] In an order that is being issued simultaneously with this one, the court denies Lath's motions to amend his complaint to add several new claims against Gerard Dufresne, Betty Mullen, and the Manchester Police Department.

. . . must be viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor." Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016) (citing Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994)).

## II. Discussion

Lath has moved for summary judgment on three of his seven claims. The court considers each in turn.

### A. Count 1

In an order dated August 8, 2017, document no. 205, Count 1 was dismissed from this case. As a consequence, as to Count 1, Lath's motion for summary judgment is denied as moot.

### B. Count 2

Count 2 is a claim against the Association, under 41 U.S.C. § 3604(f)(2)(A), for handicap based discrimination resulting from the Association's purported constructive failure to allow Lath to have an emotional support dog. Lath is not entitled to judgment as a matter of law on Count 2.

Failure to make a reasonable accommodation for a person's handicap can be an unlawful housing practice under the Fair Housing Act. See Astralis Condo. Ass'n v. Sec'y, HUD, 620 F.3d 62, 67 (1st Cir. 2010).

> To establish a prima facie case of failure to
> accommodate under the [Fair Housing Act], a claimant
> must show that he is handicapped within the purview of
> 42 U.S.C. § 3602(h) and that the party charged knew or
> should reasonably have known of his handicap. DuBois
> v. Ass'n of Apart. Owners of 2987 Kalakaua, 453 F.3d
> 1175, 1179 (9th Cir. 2006); cf. Higgins v. New Balance
> Ath. Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999)
> (enunciating similar prima facie case requirement in
> claims brought under the ADA).  Next the claimant must
> show that he requested a particular accommodation that
> is both reasonable and necessary to allow him an equal
> opportunity to use and enjoy the housing in question.
> Bryant Woods Inn, Inc. v. Howard Cnty., Md., 124 F.3d
> 597, 603 (4th Cir. 1997); cf. Reed v. LePage Bakeries,
> Inc., 244 F.3d 254, 261 (1st Cir. 2001) ("[T]he ADA's
> reasonable accommodation requirement usually does not
> apply unless 'triggered by a request' from the
> employee.") (citation omitted).  Finally, the claimant
> must show that the party charged refused to make the
> requested accommodation.  42 U.S.C. § 3604(f)(3)(B);
> Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 336 (2d
> Cir. 1995).

Astralis, 620 F.3d at 67.

Here, it is undisputed that on October 23, 2015, Lath asked the Association for a waiver of its no pets policy so that he could have an emotional support dog.  It is also undisputed that on January 6, 2016, approximately 75 days after Lath made his request, the Association gave him permission to have an emotional support dog.  Necessarily, Lath bases his claim not on an outright denial of his request for an accommodation but, rather, on a constructive denial.

With respect to constructive denial, the court explained, in a previous order:

> [A] request for a reasonable accommodation may be constructively denied when the entity from whom the accommodation is requested unnecessarily delays its response. See, e.g., United States v. Town of Garner, 720 F. Supp. 2d 721, 729 (E.D.N.C. 2010) ("Denial of a reasonable accommodation request may be actual or constructive, 'as an indeterminate delay has the same effect as an outright denial'") (quoting Groome Res., Ltd. v. Parish of Jefferson, 234 F.3d 192, 199 (5th Cir. 2000)); see also Sabal Palms Condos. of Pine Island Ridge Ass'n, Inc., 6 F. Supp. 3d 1272, 1290–91 (S.D. Fla. 2014) ("[i]n some circumstances, a housing provider that refuses to make a decision could be found to have constructively denied the request by 'stonewalling' and short-circuiting the process") (quoting Overlook Mut. Homes, Inc. v. Spencer, 415 F. App'x 617, 622 (6th Cir. 2011)).

Order (doc. no. 72) 14. The Association neither stonewalled nor short-circuited the process by refusing to make a decision on Lath's request, and its "delay" in granting Lath's request was not indeterminate; it lasted approximately 75 days. On the undisputed record before it, the court is not prepared to rule, as a matter of law, that the amount of time the Association took to grant Lath's request for an emotional support dog constituted a constructive denial of his request. Accordingly, Lath is not entitled to summary judgment on Count 2.

### C. Count 13

Count 13 is a claim against the Association for breach of contract, arising from the Association's failure to accept mail addressed to Lath. Lath is not entitled to judgment as a matter of law on Count 13.

Under New Hampshire law, "[a] breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Kishan v. Jalbert, No. 2016-0463, 2017 WL 2799476, at *1 (N.H. Mar. 24, 2017) (quoting Lassonde v. Stanton, 157 N.H. 582, 588 (2008)). Here, Lath has not produced undisputed evidence that there was an enforceable contract between himself and the Association under which the Association was obligated to accept his mail. And the Association has produced evidence sufficient to create a triable issue of fact concerning the question of whether it had a legal excuse not to accept Lath's mail. Specifically, the Association has produced evidence that its agents stopped accepting Lath's mail because Lath had accused them of stealing his mail, and they did not want to expose themselves to any further accusations of that sort. Accordingly, Lath is not entitled to summary judgment on Count 13.

### III. Conclusion

For the reasons described above, plaintiff's motion for partial summary judgment, document no. 166, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 11, 2018
cc: Counsel and pro se parties of record.