UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                         Civil No. 16-cv-463-LM
                                               Opinion No. 2018 DNH 013
Oak Brook Condominium Owners'
Association, Gerard Dufresne,
and Betty Mullen

**O R D E R**

In document no. 152, the court gave Sanjeev Lath permission to file a motion for leave to amend his complaint to add two new claims against Gerard Dufresne. In document no. 165, the court gave Lath permission to file a motion for leave to amend his complaint to add: (1) claims for constructive eviction and conspiracy to evict against Dufresne and Betty Mullen; and (2) a claim for deprivation of food and medical necessities against the Manchester Police Department. Before the court are: (1) Lath's Motion for Leave to Amend, document no. 198; and (2) a pleading with no caption, document no. 212, in which Lath also seeks leave to amend his complaint. For the reasons that follow, Lath's motions are both denied.

## I. Document No. 198

In document no. 198, Lath states that he is seeking to add two claims against Dufresne and a claim he labels Claim 17 against Mullen. However, the body of Lath's pleading says nothing about any claim against Mullen, so the court will consider only the two claims that Lath designates as Claim 11(A) and 12(A)—claims that the court designated as Count 11(b) and Count 12(b) in document no. 152.

### A. Claim 11(A)/Count 11(b)

In document no. 152, the court permitted Lath to move for leave to amend his complaint "to include: [a] Claim for Invasion of privacy by opening/mishandling Lath's mail," Pl.'s Req. (doc. no. 140) at 1.

Under the circumstances of this case, Lath "may amend [his complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." Id. Even so, "a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 20 (1st Cir. 2017) (quoting Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013); citing Palmer v. Champion Mortg., 465 F.3d 24,

30 (1st Cir. 2006); Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks and brackets omitted).  For the purposes of Rule 15(a)(2), "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993); Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir. 1979)).

A complaint fails to state a claim upon which relief can be granted when the allegations in it, and all reasonable inferences that support the plaintiff's claim, are taken as true but still do not present "sufficient factual material to state a facially plausible claim."  Vargas-Colón v. Fundación Damas, Inc., 864 F.3d 14, 23 (1st Cir. 2017) (citing O'Shea ex rel. O'Shea v. UPS Ret. Plan, 837 F.3d 67, 77 (1st Cir. 2016)). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend."  Abraham v. Woods Hole Ocean. Inst., 553 F.3d 114, 117 (1st Cir. 2009) (quoting Bos. & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993)).

Lath is not entitled to amend his complaint to add Claim 11(A)/Count 11(b) because the amendment would be futile due to

Lath's failure to state a claim upon which relief can be granted. The court begins by outlining the relevant substantive law, and then describes Lath's proposed invasion of privacy claims.

The New Hampshire Supreme Court has not written at length on the tort of invasion of privacy, but it has explained that

> [t]he four kinds of invasion comprising the law of privacy include: (1) intrusion upon the plaintiff's physical and mental solitude or seclusion; (2) public disclosure of private facts; (3) publicity which places the plaintiff in a false light in the public eye; (4) appropriation, for the defendant's benefit or advantage, of the plaintiff's name or likeness.

Hamberger v. Eastman, 106 N.H. 107, 110 (1964). To state a claim for public disclosure of private facts, which seems to be the theory underlying Lath's proposed invasion of privacy claim, a plaintiff must adequately allege that the defendant gave "publicity to a matter concerning the private life" of the plaintiff and that "the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Restatement (Second) of Torts, § 652D (1977).[1]

---

[1] As the court reads document no. 152, it seems fairly clear that Lath requested, and the court granted him, permission to move to amend his complaint to add a claim for intrusion upon seclusion, see Restatement (Second) of Torts § 652B cmt. b (defining intrusion upon seclusion to include "opening [another person's private and personal mail"), rather than a claim for public disclosure of private facts. Even so, the court will

4

The first purported invasion on which Lath bases his claim is that Dufresne submitted to this court, as an exhibit to a pleading, "various documents and phone records of Lath." Pl.'s Mot. for Leave to Amend (doc. no. 198) ¶ 1. Lath does not further identify or describe the private facts he charges Dufresne with disclosing nor does he identify the submission in which those facts were allegedly disclosed.

The second purported invasion on which Lath bases his claim is that Dufresne submitted to this court, as an exhibit to a pleading, the following exchange of text messages between two unidentified people:

> Is your dad ok? He is not answering his phone . . . he always answers . . . just making sure he is ok.
>
>> Yah he's probably napping he went out with my mom this afternoon.
>
> Ah ok . . . was just a lil worried.
>
>> Yah thanks for checking in.

Def.'s Resp., Ex. 15 (doc. no. 69-1), at 20 of 22.

The third purported invasion on which Lath bases his claim is that Dufresne submitted to this court, as an exhibit to a pleading, three emails that Lath sent to a person named "Jerry." Def.'s Resp., Ex. 14-N (doc. no. 68-28), at 2 of 2. Context

---

consider Lath's motion for leave to amend on its merits rather than denying it for exceeding the scope of the court's order.

indicates that the "Jerry" to whom Lath sent the emails at issue is Gerard Dufresne. Here is the full content of those three emails:

> I don't want to submit this [a letter requesting information from the Oak Brook Condominium Owners' Association that had been signed by Lath, Dufresne, and Barbara Belware]. Not sure if the paper was changed after I read it.
>
> I was made to sign the paper under notary today. I never got a copy either. I am not sure what I signed therefore I am withdrawing it.
>
> I was [made] to sign this statement that I never read under threat. Two of my neighbors who call themselves [J]erry and Barbara threatened to hurt me – she came into my unit and stole a few things.

Id.

The fourth purported invasion on which Lath bases his claim is that Dufresne submitted to this court, as an exhibit to a pleading, a letter Lath sent to Dufresne and Belware in which Lath characterized the emails quoted above as "incorrect and impulsive," Def.'s Resp., Ex. 14-P (doc. no. 68-30), at 2 of 2, and apologized for sending them.

The fifth purported invasion on which Lath bases his claim is that Dufresne submitted to this court, as an exhibit to a pleading, material described as "associated email(s), alleging Lath 'meds' or medications." Pl.'s Mot. to Amend (doc. no. 198) ¶ 2. Lath does not further identify or describe the private

facts he charges Dufresne with disclosing nor does he identify the submission in which those facts were allegedly disclosed.

The sixth purported invasion on which Lath bases his claim is that Dufresne submitted to this court, as an exhibit to a pleading, "various privileged emails between Lath and his Attorney Brandon Ross." Pl.'s Mot. to Amend (doc. no. 198) ¶ 3. Lath does not further identify or describe the private facts he charges Dufresne with disclosing nor does he identify the submission in which those facts were allegedly disclosed.

The first problem with Lath's invasion of privacy claim is that all of the disclosures on which it is based are absolutely privileged. In a decision affirming the trial court's dismissal of claims for negligent misrepresentation and fraud, the New Hampshire Supreme Court explained:

> It is well-settled in New Hampshire that "certain communications are absolutely privileged and therefore immune from civil suit." Pickering v. Frink, 123 N.H. 326, 328, 461 A.2d 117, 119 (1983); see McGranahan v. Dahar, 119 N.H. 758, 762-63, 408 A.2d 121, 124 (1979). Statements made in the course of judicial proceedings constitute one class of communications that is privileged from liability in civil actions if the statements are pertinent or relevant to the proceedings. See Pickering, 123 N.H. at 329, 461 A.2d at 119; McGranahan, 119 N.H. at 763, 408 A.2d at 124; cf. Supry v. Bolduc, 112 N.H. 274, 276, 293 A.2d 767, 769 (1972) (determining statements made during a public hearing were not absolutely privileged because the hearing did not have all the hallmarks of a judicial proceeding). "A statement is presumed relevant unless the person allegedly [injured] demonstrates that it was so palpably irrelevant to the

7

> subject matter of the controversy that no reasonable
> man can doubt its irrelevancy or impropriety."
> McGranahan, 119 N.H. at 766, 408 A.2d at 126
> (quotation omitted).

Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848, 853 (1998). While Provencher involved claims for negligent misrepresentation and fraud, the litigation privilege bars invasion of privacy claims arising from disclosures of facts made in civil pleadings. See 8 R. McNamara, New Hampshire Practice: Personal Injury—Tort and Insurance Practice, § 3.19 (4th ed. 2015) (citing Restatement (Second) of Torts § 652F).

Here, it would be futile to amend Lath's complaint to add Claim 11(A)/Count 11(b) because the invasion of privacy claims asserted therein are based upon disclosures that are subject to the litigation privilege. That is the case because those disclosures were made in conjunction with one or more pleadings submitted to this court.

Moreover, even if Dufresne were not entitled to the benefit of the litigation privilege, it would appear that few, if any of his six claims adequately alleges the private facts element of an invasion of privacy claim. Plainly, the text message conversation, the three emails from Lath, and the letter from Lath to Dufresne and Belware that are quoted above disclosed no private facts about Lath. As for the remaining disclosures, Lath has neither quoted nor cited them, so the court cannot

8

independently assess their content, and Lath does not appear to have made factual allegations about the content of those disclosures that, if proven, would establish that those disclosures involved private facts. Thus, it is far from clear that Lath has adequately alleged an actionable claim for invasion of privacy in the form of public disclosure of private facts.

To summarize, because the disclosures underlying Claim 11(A)/Count 11(b) are absolutely privileged, they cannot support a claim for invasion of privacy. Accordingly, it would be futile to add Claim 11(A)/Count 11(b) to this case and for that reason, as to that claim, Lath's motion for leave to amend is denied.

### B. Claim 12(A)/Count 12(b)

In document no. 152, the court permitted Lath to move for leave to amend his complaint "to include . . . [a] Claim for Defamation/Libel and slander," Pl.'s Req. (doc. no. 140) at 1 (emphasis in the original), arising from annotations Dufresne made on documents he submitted to the court in support of his Motion Requesting Court Appointed Defense Counsel, document no. 139.

Lath is not entitled to amend his complaint to add Claim 12(A)/Count 12(b) because the amendment would be futile due to

Lath's failure to state a claim upon which relief can be granted. The court begins by outlining the relevant substantive law, and then describes Lath's proposed defamation claims.

Under New Hampshire law, defamation consists of a "fail[ure] to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff[s] to a third party." Gould v. No. Human Servs., No. 2015-0696, 2016 WL 5831602, at *2 (N.H. Aug. 22, 2016) (quoting Indep. Mech. Contractors v. Gordon T. Burke & Sons, 138 N.H. 110, 118 (1993)) (brackets in Gould). Moreover, to state a claim for defamation, the plaintiff must allege, with specificity, the substance of the statements at issue, the person making the statements, when they were made, and to whom they were made. See Cluff-Landry v. Roman Catholic Bishop of Manchester, 169 N.H. 670, 680 (2017). In document no. 198, Lath identifies three statements with the specificity required by Cluff-Landry.

The first statement on which Lath bases his proposed defamation claim is an annotation that Dufresne made on a March 13, 2017, e-mail from Lath to Dufresne that Dufresne submitted to this court in support of his motion for the appointment of counsel. In that e-mail, Lath said: "Your amalgamated pleading did not get docketed . . . oops!!" Def.'s Mot. for Counsel, Ex.

2 (doc. no. 139-2), at 5 of 5.  Dufresne added this annotation: "Lath, always seeing ways to <u>incite</u>, <u>insult</u>, and <u>harass</u>, with irrational **paper bully** statements."  <u>Id.</u> (emphasis in the original).

The second and third statements on which Lath bases his proposed defamation claim are two annotations that Dufresne made on a November 3, 2016, e-mail from Lath and Barbara Belware to Dufresne that Dufresne submitted to this court in support of his motion for the appointment of counsel.  In that e-mail, Lath and Belware expressed their unhappiness with Dufresne for allegedly misappropriating their names in the pretrial statement he had filed in this case.  The first annotation to which Lath objects says: "Lath had already <u>devised a plan</u>, on how he would **breach**, the ***Agreement***, **exclude** Dufresne, and Belware, **and get away with it**."  Def.'s Mot. for Counsel, Ex. 5 (doc. no. 139-5), at 2 of 2 (emphasis in the original).  The second annotation says:

> As always, Lath <u>without any Co-Plaintiffs</u> can claim . . . It is **Lath** who is being ***discriminated against***, . . . it is **Lath** who is being ***retaliated against***, . . . . it is ***Lath*** who is being ***harassed***, . . . . . **because** *Lath comes from different* **ancestry** *. . . because Lath comes from another* **country** *. . . . because Lath claims to believe another* **religion**, *. . . because* **Lath** *has darker* **skin**, *. . . because Lath claims to be* **gay/bisexual**.  All as Lath claimed in his Human Rights Case.

<u>Id.</u> (emphasis in the original).

11

The first problem with Lath's defamation claim is that all of the statements on which it is based are absolutely privileged. The court has already quoted the New Hampshire Supreme Court's decision in Provencher, which sets out the doctrine of litigation privilege. While Provencher involved claims for negligent misrepresentation and fraud, the New Hampshire Supreme Court had previously held, in McGranahan, that the litigation privilege bars defamation claims arising from statements in civil pleadings, see 119 N.H. 765-67.

Here, it would be futile to amend Lath's complaint to add Claim 12(A)/Count 12(b) because the defamation claims asserted therein are based upon statements that are subject to the litigation privilege. That is the case because those statements were made in conjunction with a pleading submitted to this court. While Lath states, in a conclusory manner, that the statements are unprivileged, he goes no further. As a consequence, Lath has given the court no reason to conclude that the three statements at issue were "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt [their] irrelevancy or impropriety," Provencher, 142 N.H. at 853 (quoting McGranahan, 119 N.H. at 766).

Moreover, even if all three of Dufresne's allegedly defamatory statements were not privileged, none of them appear

to be defamatory in the first place.  As to the first two, they are statements of opinion, not statements of fact, and "[a] statement of opinion is not actionable unless it may reasonably be understood to imply the existence of defamatory fact as the basis for the opinion."  Thomas v. Tel. Publ'g Co., 155 N.H. 314, 338 (2007) (citing Nash v. Keene Publ'g Corp., 127 N.H. 214, 219 (1985); Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19 (1990)).  Because neither Dufresne's characterization of Lath's communications with him nor Dufresne's interpretation of Lath's performance of an agreement with him can reasonably be understood to imply the existence of a defamatory fact, the first two statements underlying Lath's defamation claim are non-actionable statements of opinion.  Beyond that, while Lath characterizes the three statements at issue as "malicious" and as "innuendo" intended to "ashame" him, see Pl.'s Mot. for Leave to Amend (doc. no. 198) ¶ 8, he makes no allegations of falsity, which is necessary for a statement to be actionable as defamation.

As for the third statement at issue, it appears to be a list of allegations Lath has made in his complaints in this case.  It is not clear what statement of fact in that list Lath alleges to be false.  Thus, as with the first two statements, even if the third one were not privileged, it is not defamatory.

13

To summarize, because the statements underlying Claim 12(A)/Count 12(b) are absolutely privileged and not defamatory, they cannot support a claim for defamation. Accordingly, it would be futile to add Claim 12(A)/Count 12(b) to this case and for that reason, as to that claim, Lath's motion for leave to amend is denied.

## II. Document No. 212

In document no. 165, the court granted Lath leave to file a motion to amend his complaint to assert claims for "constructive eviction" and "conspiracy to evict" against Mullen and Dufresne, along with a claim for deprivation of food and medical necessities against the Manchester Police Department ("MPD"). In support of the request that led the court to issue document no. 165, Lath represented to the court that his claims against Mullen and Dufresne would be based upon events that took place during approximately one week in July of 2017, and that the claim against the MPD arose from the treatment he received while he was detained in a holding cell on July 6, 2017.

In document no. 212, Lath describes the claim he seeks to add in the following way:

> Claim 16 against Gerard Dufresne, Betty Mullen, Oak Brook Condominium Owners' Association, thru its present and past board members and employees, for conspiracy to cause constructive eviction of Plaintiff from his residence and conspiracy to deprive Sanjeev Lath of basic necessities such as safe drinking water,

14

> physical safety and proper sanitary conditions by
> interfering, coercing and intimidating Lath in
> violation of [the] Fair Housing Act.

Doc. no. 212, at 1.

The problem is that the claim that Lath describes in document 212 bears a striking resemblance to the claim that the court denied him leave to add to this case in document 170, and nearly no resemblance to the claims the court permitted Lath to seek leave to add to this case in document no. 165.  For one thing, Lath's proposed Claim 16 names a defendant, the Oak Brook Condominium Owners' Association, that was not mentioned in the request the court granted in document no. 165.  More importantly, while the claims the court addressed in document no. 165 were focused on events that took place during approximately one week in July of 2017, the body of Lath's motion alleges events spanning several years, and does so in a way that is so vague that even if Lath's proposed Claim 16 did not exceed the scope of the permission that the court granted him in document no. 165, it would fail, by a wide margin, to meet the requisite pleading standard, see Fed. R. Civ. P. 8(a). In short, because Lath's proposed Claim 16 is not the claim that the court granted him permission to pursue in document no. 165, Lath's second motion for leave to amend, document no. 212, is denied.

15

### III. Conclusion

For the reasons described above, Lath's two motions for leave to amend his complaint, document nos. 198 and 212, are both denied. As a consequence, this case now consists of the following claims:

> Count 2: a claim under 42 U.S.C. § 3604(f)(2)(A) against the Association, for handicap based housing discrimination resulting from a constructive failure to allow Lath to have an emotional support dog.
>
> Count 4: a claim under 42 U.S.C. § 3604(c) against the Association, for publishing a notice indicating a preference for handicapped people who need true service dogs over those who need emotional support dogs.
>
> Count 9: an eavesdropping claim under RSA 570-A:11 against Mullen, for installing cameras in and/or around Lath's residence.
>
> Count 11(a): a common law false light invasion of privacy claim against Dufresne, for statements he made about Lath in filings in the New Hampshire Superior Court.
>
> Count 12(a): a common law defamation claim against Dufresne, for introducing statements about Lath in an action in the New Hampshire Superior Court.
>
> Count 13: a breach of contract claim against the Association, for failing to accept mail addressed to Lath.
>
> Count 15: a common law claim for invasion of privacy against Dufresne, for disclosure of private facts, i.e., a confidential settlement agreement between Lath and a former employer that Dufresne attached to a pleading in this case.

As the court reads the docket, there appear to be no other pending motions for leave to amend. Thus, as this case moves forward, the claims described above are the only claims that remain to be litigated.

That said, the court harbors a concern that Counts 11(a) and 12(a) might well be subject to the litigation privilege. Accordingly, on or **February 14, 2018,** Lath must show cause why Counts 11(a) and 12(a) should not be dismissed, and his briefing on this limited issue shall not exceed 10 pages.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 25, 2018

cc: All counsel and pro se parties of record.