UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sanjeev Lath

        v.                                Civil No. 16-cv-463-LM
                                          Opinion No. 2018 DNH 038
Oak Brook Condominium Owners'
Association and Gerard Dufresne


**O R D E R**


This case now consists of six claims against two
defendants, the Oak Brook Condominium Owners' Association and
Gerard Dufresne.  In an order dated January 25, 2018, plaintiff
Sanjeev Lath was directed to show cause why the three claims he
asserts in Counts 11(a), 12(a), and 15 should not be dismissed
pursuant to the litigation privilege as described in Provencher
v. Buzzell-Plourde Associates, 142 N.H. 848, 853 (1998).  Lath
has submitted his show cause brief, document no. 272, and it is
insufficient to save Counts 11(a), 12(a), and 15.

As a preliminary matter, apart from listing Counts 11(a)
and 12(a) in a section heading in his brief, Lath says nothing
about those two claims.  Thus, Lath has either waived or
forfeited the claims he asserted in Counts 11(a) and 12(a) and,
as a result, those two counts are dismissed.  All that remains
is Count 15.

Count 15 is "a common law claim for invasion of privacy against Dufresne, for disclosure of private facts, i.e., a confidential settlement agreement between Lath and a former employer that Dufresne attached to a pleading in this case." Order (doc. no. 265) 16. Because Lath's brief demonstrates some confusion concerning the factual basis for Count 15, the court takes this opportunity to chronicle the history of that claim in the context of the case as a whole.

In January of 2017, Lath filed a motion to amend his complaint. In his proposed Second Amended Complaint ("SAC"), to which he attached more than 340 exhibits, Lath devoted more than 20 paragraphs to describing claims against Dufresne, including a claim that Dufresne had publicly disclosed private information about him. See SAC (doc. no. 48-1) ¶ 98.[1]

---

[1] Specifically, Lath accused Dufresne of corruptly obtaining, disclosing, and disseminating to the public

> privileged and private photographs and profile
> information, contained in Lath's google.com,
> yahoo.com, facebook.com and other social media and
> internet accounts, to which Dufresne obtained
> privilege and permission from Lath, having deceptively
> gained Lath's trust and with the sole intent to
> embarrass, humiliate, disparage and taint Lath's
> character.

SAC ¶ 98.

Later that month, Barbara Belware moved to intervene in this case.  See doc. no. 51.  While Lath's motion to amend and Belware's motion to intervene were both pending, Dufresne filed a pleading captioned "Amalgamated Replies of Defendant Gerard Dufresne Filed in Response to Barbara Belware's Motion to Intervene."  See doc. no. 68.  Given the content of that document, it would appear that while Dufresne filed it in response to Belware's motion to intervene, he used it to reply to both Belware's motion and aspects of Lath's proposed SAC.  In any event, Dufresne attached a number of exhibits to his Amalgamated Replies, including: (1) three pages of a settlement agreement between Lath and a former employer (from which Dufresne redacted the amount of the settlement and some but not all of the parties to the agreement); and (2) an e-mail by which Lath had transmitted a copy of the settlement agreement to Dufresne and another individual, whose name Dufresne redacted. According to Dufresne's Amalgamated Replies, the settlement agreement, and Lath's e-mail transmitting it, demonstrate that while Lath's SAC accused him of disseminating confidential information, Lath himself was actively disseminating his own confidential information, such as the settlement agreement.

In a request for a telephone conference that Lath filed after Dufresne filed his Amalgamated Replies, Lath wrote:

> Defendant Gerard Dufresne in his Objection to
> . . . Barbara Belware's Motion to intervene disclosed
> [a] confidential agreement between Lath and his
> previous employer.  Lath requests permission to file a
> supplement to his Second Amended Complaint to add a
> claim of Invasion of Privacy – disclosure of private
> facts by Defendant Gerard Dufresne.

Req. for Tel. Conf. (doc. no. 95) 2-3.  The court granted Lath

the permission he sought, then granted his motion to amend, and

designated the new invasion of privacy claim as Count 15.

After the court gave Lath permission to move for leave to

add his claim for invasion of privacy, Dufresne filed a motion

asking the court to appoint counsel to represent him.  To that

motion, he attached, among other things, an e-mail exchange

between Lath and his attorney that Dufresne says he found on

Facebook.  In that exchange, Lath and his attorney discussed a

draft of the settlement agreement that Dufresne had attached to

his Amalgamated Replies, and Lath's attorney explained to him

his obligation to keep the terms of the agreement confidential.

Having described the relevant factual background, the court

turns to the applicable legal principles, which the New

Hampshire Supreme Court has described in the following way:

> It is well-settled in New Hampshire that "certain
> communications are absolutely privileged and therefore
> immune from civil suit."  Pickering v. Frink, 123 N.H.
> 326, 328 (1983); see McGranahan v. Dahar, 119 N.H.
> 758, 762-63 (1979).  Statements made in the course of
> judicial proceedings constitute one class of
> communications that is privileged from liability in
> civil actions if the statements are pertinent or

4

> relevant to the proceedings. See Pickering, 123 N.H.
> at 329; McGranahan, 119 N.H. at 763; cf. Supry v.
> Bolduc, 112 N.H. 274, 276 (1972) (determining
> statements made during a public hearing were not
> absolutely privileged because the hearing did not have
> all the hallmarks of a judicial proceeding). "A
> statement is presumed relevant unless the person
> allegedly [injured] demonstrates that it was so
> palpably irrelevant to the subject matter of the
> controversy that no reasonable man can doubt its
> irrelevancy or impropriety." McGranahan, 119 N.H. at
> 766 (quotation omitted).

Provencher, 142 N.H. at 853 (emphasis added, parallel citations

omitted). "The requirement of pertinence eliminates protection

for statements made needlessly and wholly in bad faith."

McGranahan, 119 N.H. at 763 (applying privilege to statements

made in petition for interpleader). Finally, not only does a

party seeking to defeat the litigation privilege bear the burden

of rebutting the presumption of relevancy, see McGranahan, 119

N.H. at 766, but, in addition, "[a]ll doubts are to be resolved

in favor of pertinency or relevancy," id. (citing Dachowitz v.

Kranis, 401 N.Y.S.2d 844, 846 (N.Y. App. Div. 1978); O'Barr v.

Feist, 296 So. 2d 152 (Ala. 1974); Macie v. Clark Equip. Co.,

290 N.E.2d 912, 914 (Ill. App. Ct. 1972)).

On the question of relevance, Lath argues:

> The "confidential settlement agreement" between Lath
> and his previous employer, Tecomet Inc., has no
> bearing to this instant suit. In fact, it had no
> relevance to the pleading . . . this agreement was
> attached to. At the most, it is irrelevant, and
> therefore immaterial to the subject of inquiry.

5

. . . .

Dufresne in his Motion for Court Appointed
Counsel, attached this "confidential settlement
agreement." Lath cannot find a remote nexus between a
motion to appoint counsel by Dufresne, and the
"settlement agreement" between Lath and his previous
employer.

Pl.'s Br. (doc. no. 272) 4, 6. The court is not persuaded.

To begin, the second paragraph quoted above illustrates the

confusion to which the court has previously referred; Dufresne

did not attach Lath's settlement agreement to his motion for

appointed counsel. He attached the settlement agreement to his

Amalgamated Replies. To his motion for counsel, he attached the

e-mail exchange between Lath and his attorney. Beyond that, to

the extent that Lath bases his argument on the purported

irrelevance of the settlement agreement to a particular pleading

rather than "to the proceedings," Provencher, 142 N.H. at 853,

or "to the subject matter of the controversy," McGranahan, 119

N.H. at 766, he would appear to be reading Provencher too

narrowly and, as the court has already noted, "[a]ll doubts are

to be resolved in favor of pertinency or relevancy," McGranahan,

119 N.H. at 766. That said, the court now applies the legal

principles described above to the particular circumstances of

this case.

In his SAC, Lath plainly made Dufresne's handling of his,

i.e., Lath's, private information part of the subject matter of

the controversy in this case. Dufresne attached the settlement

agreement he received from Lath to his Amalgamated Replies, in

conjunction with an e-mail transmitting that agreement to

several different people, in an attempt to demonstrate that Lath

himself did not protect his own confidential materials. That,

in turn, may be seen as a part of a defense against Lath's

invasion of privacy claim. On that basis, it cannot be said

that Dufresne attached Lath's settlement agreement to his

Amalgamated Replies "needlessly and wholly in bad faith,"

McGranahan, 119 N.H. at 763, and the fact that Dufresne made

certain redactions would certainly seem to demonstrate good

faith.

Moreover, it is important to acknowledge the unorthodox

litigation of this case, which has its roots in Lath's sprawling

pleading style and his attachment of numerous exhibits – some of

questionable relevance – to several of his pleadings. In many

ways, Dufresne's submissions and their extensive attachments are

nothing more than a response, in kind, to Lath's voluminous and

wide-ranging pleadings.

In short, the court cannot say that Lath has carried his

burden of rebutting the presumption that his settlement

agreement, as presented to the court by Dufresne, was relevant

to this proceeding. That is, Lath has failed to "demonstrate[]

that [the agreement, as presented] was so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety," McGranahan, 119 N.H. at 766. Thus, Dufresne's submission of Lath's settlement agreement is protected by the litigation privilege.

For the reasons detailed above, Lath's show cause brief, document no. 272, fails to show cause why Counts 11(a), 12(a), and 15 should not be dismissed as barred by the Provencher litigation privilege. Accordingly, those three claims are dismissed and, as a consequence, this case now consists of three claims (Counts 2, 4, and 13), against a single defendant, Oak Brook Condominium Owners' Association.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 1, 2018

cc: Counsel and pro se parties of record.